### THE STATE *v.* JIM SHRADER.

APPEAL BY STATE. *Murder. Judgment granting bail. Code* 1892, § 39.

Section 39, code 1892, does not authorize an appeal by the state from a judgment granting bail to one accused of a capital offense.

APPEAL from the judgment of HON. JOHN D. GILLAND, granting bail.

Appellee, Shrader, being in custody on a charge of murder, presented his petition to the circuit judge for enlargement on bail. The judge, after hearing the evidence, admitted him to bail, and from this judgment the state appeals.

Section 39, code 1892, which is the sole authority for appeals in criminal cases by the state, confers that right in the following cases:

1. "From a judgment, sustaining a demurrer or motion to quash an indictment or an affidavit charging crime; but such appeal shall not bar or preclude another prosecution of defendant for the same offense."

2. "From a judgment actually acquitting a defendant, where a question of law has been decided adversely to the state; but in such a case the appeal shall not subject the defendant to

further prosecution, nor shall the acquittal be reversed, but the supreme court shall, nevertheless, decide the question of law presented.''

3. ''From a ruling adverse to the state in every case in which a defendant is convicted and prosecutes an appeal; and in such case the whole record shall be carried before the supreme court on the direct appeal, and the case shall be treated as if the cross bill had been formally prosecuted by the state. All questions of law thus presented shall be decided by the supreme court.''

*Frank Johnston*, attorney-general, for the state.

No counsel for appellee.

WHITFIELD, J., delivered the opinion of the court.

It was never contemplated by § 39, code 1892, that the state should prosecute an appeal from the judgment of a circuit judge allowing bail to one charged with murder.

*The appeal is dismissed.*