[No. 4720.   Decided July 1, 1903.]

THE STATE OF WASHINGTON *on the Relation of George Roberts* v. SUPERIOR COURT OF KING COUNTY.

HABEAS CORPUS — APPEAL — NECESSITY FOR BOND.

Proceedings in habeas corpus being of a civil, and not of a criminal, nature, an appeal from an order remanding the applicant to custody would be ineffectual as a stay of proceedings, where no appeal bond had been filed within five days after notice of appeal, as required in civil actions by Bal. Code, § 6505.

SAME — RESTRAINING ACTION OF COURT PENDING APPEAL — PRESUMPTIONS ARISING FROM ISSUANCE OF ALTERNATIVE WRIT OF PROHIBITION.

The fact that an alternative writ of prohibition restraining the trial court from remanding an applicant for habeas corpus to custody was issued within five days after ·an appeal was taken from such order would not raise a presumption in favor of the regularity of the appeal, when the uncontroverted answer to such alternative writ shows that a bond had not been given within five days after notice of appeal, as required by statute.

*Original Application for Prohibition.*

*Henry D. Allison* and *James L. Crotty,* for relator.

*W. T. Scott,* Prosecuting Attorney, and *Elmer E. Todd,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Original application was made in this court for a writ of prohibition directed to the superior court of King county, and to the Honorable W. R. Bell, one of the judges thereof. The affidavit in support of the application recites substantially that, on the 23d day of May, 1903, the relator was arrested by one Thomas L. Ryan, acting as agent for the state of California, said arrest having been made under the authority of an execu-

tive warrant issued by the governor of this state, upon the demand of the governor of the state of California, for the surrender and delivery of the person of the relator to said Ryan, agent as aforesaid, upon the ground that the relator is a fugitive from justice of the state of California, and is charged with the crime of grand larceny in said state; that upon said date the relator applied to said court and to said judge for an order directing the issuance of a writ of habeas corpus; that said order was made, and such writ was issued, commanding the said Ryan to have and produce the body of the relator before said court and said judge; that upon the same date the said judge issued an order for the arrest of the relator, based upon an affidavit that the said Ryan would disobey the writ of habeas corpus, and would secretly and forcibly remove the relator from the state of Washington, and without the jurisdiction of said court, before the hearing could be had in the habeas corpus proceeding; that by authority of such order the relator was thereupon arrested by the sheriff of King county, and confined in the jail of said county until May 28, 1903, when he was brought before said judge, who thereupon proceeded to hear and determine the habeas corpus proceeding; that upon said hearing the said judge entered a final order denying the petition and dismissing the proceeding; that from such order and judgment the relator at once gave notice in open court of an appeal to this court; that upon taking such appeal the relator applied to said judge for an order staying further proceedings until said appeal can be heard and determined in this court, and, further, that the relator be remanded to the custody of the sheriff of King county to be held and confined in the jail of said county, and that he be not removed from the jurisdiction of said court pend-

ing said appeal; that said judge refused to make such order and threatened to make, and is about to make, an order remanding the relator to the custody of said Ryan, as agent for the state of California, and is about to make an order permitting the said Ryan to remove the relator to the state of California and without the jurisdiction of said court; that, unless a writ of prohibition shall issue, such order will be made, and the relator will be denied the practical benefits of his appeal to this court.

Upon the filing and presentation of the affidavit substantially as stated above, this court directed the issuance of an alternative writ of prohibition, and the writ was accordingly issued. The respondent answered the alternative writ of prohibition, alleging that said Ryan, as respondent in said habeas corpus proceeding, made return therein that he held the relator in custody by virtue of a governor's warrant as aforesaid; that at the final hearing he produced before this respondent, as judge aforesaid, said governor's warrant, together with duly authenticated copies of the information filed against the relator by the district attorney of the city and county of San Francisco, California, and of the appointment of said Ryan, as agent of the state of California, to receive the relator as a fugitive from justice; that by reason of the appearance of said facts, the extradition proceedings appearing to be regular, the respondent denied the application for a writ of habeas corpus, and dismissed said proceedings; that thereupon the relator in open court prayed an appeal as aforesaid; that more than five days have elapsed since said appeal was taken, but the relator herein, as appellant in that proceeding, has filed no appeal bond as required by law; that respondent did refuse to sign an order staying further proceedings in said cause, and did refuse to

remand the relator to the custody of the sheriff of King county.

The above is a substantial statement of the issues upon which a hearing was had in this court. It will be seen that the sole question presented relates to the duty and power of the respondent to remand the relator to the custody of the said agent of the state of California pending the appeal from said judgment. Does an appeal from a judgment denying an application for a writ of habeas corpus become effectual without the filing of an appeal bond within five days after the appeal is taken? If a habeas corpus proceeding is a criminal proceeding, then, under our statute, no bond is required to make an appeal therein effectual. In *State v. Fenton,* 30 Wash. 325 (70 Pac. 741), this court said:

"A habeas corpus proceeding cannot be said to be a criminal action, for, while it is frequently invoked by criminals or persons charged with crime, it is not a criminal action, so far as the parties to the cause are concerned. Its office is to inquire into the legality of the custody of the applicant, and sometimes the applicant is charged with crime; but it is frequently sued out for the purpose of determining the proper care and legal custody of children and is in no sense criminal in its application."

The following cases are to the effect that habeas corpus proceedings are in their nature civil proceedings: *Ex parte Tom Tong,* 108 U. S. 556 (2 Sup. Ct. 871); *In re Van Sciever,* 42 Neb. 772 (60 N. W. 1037, 47 Am. St. Rep. 730); *Henderson v. James,* 52 Ohio St. 242 (39 N. E. 805, 27 L. R. A. 290); *Kurtz v. Moffitt,* 115 U. S. 487 (6 Sup. Ct. 148); *Cross v. Burke,* 146 U. S. 82 (13 Sup. Ct. 22); *People ex rel. Campbell v. Dewey,* 50 N. Y. Supp. 1013; *In re Reynolds,* 20 Fed. Cas. 592 (No. 11,-721); *In re Borrego,* 46 Pac. (New Mex.), 211.

In *Ex parte Tom Tong, supra,* at pages 559, 560, Chief Justice WAITE said:

"The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. This petitioner claims that the Constitution and a treaty of the United States give him the right to his liberty, notwithstanding the charge that has been made against him, and he has obtained judicial process to enforce that right. Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution."

The above quoted language of the learned chief justice clearly defines the office of the write of habeas corpus and the nature of the proceeding to obtain it. In the light of such eminent authority together with other authorities cited above, it must be held here that the habeas corpus proceeding instituted by relator in the superior court is a civil proceeding, and that the appeal from the judgment

therein must be governed by the law relating to civil proceedings. Section 6505, Bal. Code, provides as follows:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the adverse party conditioned for the payment of costs and damages as prescribed in section 6506, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof. But no bond or deposit shall be required when the appeal is taken by the state, or by a county, city, town or school district thereof, or by a defendant in a criminal action."

No bond having been filed within five days from the date of taking the appeal, and since it is in a civil proceeding, the appeal therefore became "ineffectual for any purpose." If it is ineffectual for any purpose, it does not stay proceedings under the judgment from which the appeal is sought.

The relator, however, contends that since the alternative writ of prohibition was issued within five days from the date of taking the appeal, the record therefore shows an actual appeal pending, and that nothing appears in the application and alternative writ to negative the fact that an appeal bond may have been filed within five days. It is further insisted that this matter must be determined upon the conditions as they existed at the time the alternative writ was issued. The answer to the alternative writ was verified and filed more than five days after the appeal was taken, and it alleges that no bond was filed within the five days, which fact is not controverted by the relator. The effect of relator's position is therefore to ask this court to issue a permanent writ of prohibition commanding the respondent to refrain from doing a thing which from the record before us is now manifestly beyond

his power to do, since the appeal is now clearly ineffectual to stay proceedings.    This would lead to an absurd result, and the position of relator cannot be entertained.

The writ is denied.

MOUNT, ANDERS and DUNBAR, JJ. concur.