S. BELCH, Superintendent of Florida State Reform School, *Plaintiff in Error*. v. FRANCES MANNING as *prochein ami* of EMMA MANNING, *Defendant in Error*.

APPELLATE PRACTICE—HABEAS CORPUS—PROCEEDING TO ACQUIRE APPELLATE JURISDICTION OF PERSON IN—SCI. FA. AD. AUD. ERRORES.

Section 1704 General Statutes of 1906, making provision for the acquiring of jurisdiction by the appellate court over the person of a defendant in error by means of the *recording* of the writ of error in the minutes of the circuit court, *does not apply to writs of error in habeas corpus* cases, but in such cases the appellate court can acquire jurisdiction over the person of the defendant in error only by the proper service of a writ of *scire facias ad audiendum errores*, or by his voluntary appearance in such court.

This case was decided by this court *En Banc*.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*L. E. Wade*, for motion;

*C. L. Wilson*, contra.

TAYLOR, J.—Emma Manning, a minor about the age of fourteen years was committed, by an order made by the county judge of Clay county, to the state reform school located in Jackson county. Her mother, as her *prochein ami,* applied for and obtained from the circuit court of Jackson county a writ of habeas corpus, on the ground of illegal detention in custody, and upon the trial of the issues presented in this proceeding the said minor was discharged from further custody, and for review of this judgment the plaintiff in error as superintendent of said reform school brings the case to this court by writ of error. Motion is now made to dismiss the writ of error on the following grounds:

1st. That the service of a *scire facias ad audiendum errores,* that was issued and served in this case does not confer jurisdiction upon this court to hear errors.

2nd. The service in such cases is by filing the writ of error in the court of whose judgment complaint is made, and causing the recordation thereof.

The contention of the mover is that this proceeding by *habeas corpus* is a *civil* cause, and that this appellate court can only acquire jurisdiction over the person of the defendant in error by and through the *record* of the writ of error in the minute book of the circuit court whose judgment is to be reviewed, according to the provisions of section 1704 General Statutes of Florida of 1906, which has not been done in this case, but instead thereof a writ of *scire facias ad audiendum errores* has been issued and served on the defendant in error. This contention cannot be sustained. The provisions of said section 1704 general statutes abrogating the writ of *scire facias ad audiendum errores* in *civil* causes brought to this court by writ of error, and substituting in its stead, as notice to the defendant in error, the record of the writ of error in the minutes of the circuit court whose judgment is to be reviewed, applies, strictly speak-

ing, to *civil* causes alone. The proceeding by *habeas corpus* is not a *civil cause* within the contemplation of this statute, but is a proceeding *sui generis,* in its every aspect. It is a high prerogative writ, the proceedings in which are summary. The issues therein both of law and fact are tried generally by the court, and not by a jury. Section 2254, General Statutes of 1906. Writ of error to the appellate court does not issue in a *habeas corpus* case as a matter of strict right, as in other cases, but can only issue upon the grant of the judge hearing the cause or of a justice of this court, and is made returnable summarily unlike other writs of error, and the consideration thereof in the appellate court is given preference over all other causes.

In 1877, when our statutes then in force provided for the review by this court of judgments of the circuit courts in all civil causes either by the proceeding of *appeal* or writ of error, this court in Tyler v. Painter, 16 Fla. 144, a *habeas corpus* proceeding, dismissed the cause because it was brought to this court by the proceeding of appeal, holding that in such casese there could be an appellate review only upon a writ of error. In the case of Baker v. Gordon, 23 Ind. 204, a *habeas corpus* case, it was contended that, under their constitution which provided that: "in all *civil cases,* the right of trial by jury shall remain inviolate," the party in such proceeding was entitled to a trial by jury, the court held, in denying the right of jury trial contended for, that a *habeas corpus* proceeding was not a civil case within the meaning of the quoted clause of the constitution of that state. This decision was subsequently reaffirmed by the same court in the case of Garner v. Gordon, 41 Ind. 92, in which case it was further held that under the provisions of their code which authorized a change of venue in "any civil action," a change of venue in a habeas corpus case was not authorized, since it was not a *civil*

*action* within the meaning of that provision of their code. This court in prescribing its rules of appellate practice in *habeas corpus* cases, in recognition of the dissimilarity of such cases to civil causes generally, in October, 1897, adopted a rule, specially applicable to such causes, requiring bills of exceptions and transcripts of record on writs of error therein to be made up, settled and certified, not in compliance with the rules governing civil causes, but in conformity to the rules governing such matters in *criminal* cases, and made the submission of such cases by briefs dependent upon special orders of the court. And again in the rules of appellate practice adopted here in March, 1905, *habeas corpus* and criminal cases were again linked together in the provisions therein made for the preparation of bills of exception and transcripts of record, and the filing of briefs therein was again made dependent upon the special order of this court.

Again the provisions of said section 1704 of the general statutes of 1906, abrogating the writ of *scire facias ad audiendum errores,* are in derogation of the common law, and substitute constructive in place of personal notice, and must, therefore, be construed strictly and confined to causes clearly within its terms. Writs of error in *habeas corpus* cases cannot, consistently with the provisions of sec. 2257 General Statutes be included within the provisions of said section 1704. By the last named section the period of ten days from the issuance of the writ of error is allowed within which to have same recorded and thereby to effect notice of such writ upon the defendant in error, whereas by the provisions of said section 2257, making special provision for writs of error in *habeas corpus* cases, it is possible and permissible for the judge or justice granting the writ of error to make the same *returnable* to the appellate court within a period of time shorter than the time allowed by said section

1704 for the proper *record* of such writ as notice to the defendant in error. This irreconcilable inconsistency between the two co-existent provisions of law makes it clear to our minds that said section 1704 does not contemplate, include or apply to *habeas corpus* cases, but that in such cases on writ of error to the appellate court such court can acquire jurisdiction over the person of the defendant in error only by the proper service of a writ of *scire facias ad audiendum errores,* or by his voluntary appearance in such court. It may be well to say that in the consideration of this cause, we have not failed to examine the case of State *ex rel.* Roberts v. Superior Court, 32 Wash. 143, 72 Pac. Rep. 1040; and the United States supreme court cases therein cited and quoted.

It follows that the motion to dismiss the writ of error must be, and is hereby, denied.

All concur.