THEODORE MOELLER, *Plaintiff in Error*, v. ELISE STOCKER, *Defendant in Error*.

Where a writ of error is taken to a judgment rendered by a circuit court in a habeas corpus proceeding, and no *scire facias* has been issued or served on the defendant in error, and there is no appearance of the defendant in error in the appellate court, the writ of error will be dismissed even though it had been recorded in the chancery order book. Even if a habeas corpus proceeding to award the custody of an infant child is a civil action within the meaning of section 1704 of the General Statutes, the writ of error should be recorded in the minute book of the circuit court and not in the chancery order book if a *scire facias* may be dispensed with.

This case was decided by Division A.

Writ of error to the Circuit Court for Palm Beach County.

The facts in the case are stated in the opinion of the court.

*M. D. Carmichael,* for Plaintiff in Error;

No appearance, for Defendant in Error.

PER CURIAM.—The writ of error in this cause was taken to a judgment in a habeas corpus proceeding awarding the custody of an infant child.

It does not appear that a scire facias was issued and served as required by law, and the defendant in error has not appeared in person or by counsel in this court. The writ of error was recorded in the chancery order book, but this does not give to this court jurisdiction of the defendant in error. Belch v. Manning, 55 Fla. 229,

46 South. Rep. 91; Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834.

Even if this be a civil proceeding within the meaning of section 1704 of the General Statutes the writ of error should have been recorded in the minute book of the court and not in the Chancery Order Book. See section 1831, General Statutes of 1906.

It does not appear that this court has acquired jurisdiction of the person of the defendant in error, therefore the writ of error is dismissed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.