## STATE *v.* W. A. GORDON.

[62 South. 431.]

1. HABEAS CORPUS. *Nature of proceeding. Appeal. Persons entitled to appeal. Bail. Code 1906, section 36.*

### ON MOTION TO DISMISS.

A proceeding to enforce the right of personal liberty by means of a writ of habeas corpus is civil and not criminal.

2. SAME.

The state, though not formally designated as such, is always a real party to the record in habeas corpus proceedings, where the petitioner is being held to await trial for an alleged viola-

tion of the criminal law, and is therefore entitled to an appeal from a judgment adverse to its interest, under section 36, Code 1906, which provides that "any party aggrieved by the judgment, on the trial of a habeas corpus, shall have an appeal to the Supreme Court.

### ON THE MERITS.

3. BAIL.   *Criminal cases.   Right to bail.*

Where a defendant charged with murder defended on the sole ground of temporary insanity and on the first trial was convicted, which conviction was set aside on the ground of relationship of one of the jurors to deceased, and on a second trial there was a mistrial, the defendant was not entitled to bail, his defense of temporary insanity not having been established.

APPEAL from the circuit court of Lee county.

HON. CLAUDE CLAYTON, Judge.

From an order admitting relator, W. A. Gordon, to bail in a habeas corpus proceeding, the state and sheriff appeals.

The facts are fully tsated in the opinion of the court.

*Anderson & Long,* for appellant.

Has either the state, or the sheriff and jailor, or both the right to prosecute an appeal in this case? The circuit judge who tried the habeas corpus in this case denied an appeal to the state on the authority of the cases of the *State* v. *Keys,* 93 Miss. 115; *State* v. *Shrader,* 72 Miss. 541.

In the Key case both the state and the defendant were ready for trial, but on account of the press of business the court refused to enter upon the trial, and the district attorney and the attorneys representing the defendant having agreed that the defendant should have bail in the sum of ten thousand dollars, the court accordingly granted bail. The attorney general appealed on behalf of the state, and the supreme court held that under section 40, Code of 1906, the appeal was not maintainable. As to whether the state would have had the right to ap-

peal in that case, under section 36, Code 1906 was not considered, nor passed upon by the supreme court; neither was the question whether or not the sheriff or jailor who had the custody of the defendant, would have had the right to appeal.

Furthermore, in the *Key case* the bail granted by the court was the result of an agreement between the district attorney and the attorneys representing the defendant. Bail was not granted in that case on a petition for and writ of habeas corpus. Judge Whitfield, who delivered the opinion of the court, it is true, used this broad language: "The state is not allowed to appeal in a criminal case except in the specific instances named in Code 1906, section 40."

Then he states that, manifestly that appeal was not authorized by said section 40. The only difference between the *Key case* as stated above, the judge allowed bail as the result of the agreement of the attorneys representing the state and the defendant. It appears clear from the *Shrader case* that bail was not granted as the result of a habeas corpus trial. In the *Shrader case,* as in the *Key case,* the court held that under section 39, Code, 1892, which corresponds to section 40, Code of 1906, the appeal was unauthorized. In the *Shrader case* as in the *Key case,* the appeal was alone by the state, and not by the officer having the custody of the prisoner. Clearly both of these cases were decided right.

The case in hand is distinguished from both the *Key* and the *Shrader cases* in two important respects, viz.: This is an application for an appeal from a judgment on a writ of habeas corpus and it is also an application for an appeal, both by the state in the name of its district attorney and county attorney, and by the sheriff and jailer who had the custody of the defendant, and from whose custody the defendant was taken by such judgment. Section 36, Code of 1906, was not considered in the *Shrader case,* nor in the *Key case.* That statute pro-

vides: "Any party aggrieved by the judgment on the trial of a habeas corpus, shall have an appeal to the supreme court. If any person held in service by this state or by the United States, should be discharged by any judge in vacation, or any court, on habeas corpus, the attorney-general or any district attorney, or any attorney duly authorized by the United States, may in like manner obtain an appeal to reverse the judgment by which such person was discharged."

First, we will consider what the language "held in service by the state" means. We contend that it covers this cause: that the defendant in this case was "held in service," that it means, held in custody on a criminal charge. If we are right about this, of course this appeal is maintainable.

We contend, second, that under the first clause of this statute which gives any party aggrieved the right to appeal, the sheriff and jailor who had the custody of the defendant in this case is given the right to appeal. Certainly either the state or the sheriff and jailer, or both, ought to have the right to appeal in a case of this kind. If the right of appeal does not exist, it simply means that one may be guilty of a most brutal murder, or any other capital offense, and if he can find a circuit judge or chancellor, who is willing to let him go scott free, either with or without bond, the state is without a remedy.

We submit, furthermore, that habeas corpus proceedings of this kind is not a criminal case, in the true sense, and if it is not of course there is no trouble about the right of the state, or the sheriff, or both, to appeal. Assuming that the right of appeal exists did the circuit judge err in granting bail. It seems in view of the uncontradicted testimony it is not necessary to discuss this proposition. Insanity was the sole defense. There was no pretense whatever of any other defense. The only witness introduced in behalf of the defendant, for the purpose of showing insanity was his wife Mrs. Mary

Gordon. The court need only to read her testimony. We submit that it does not tend in the remotest degree to establish insanity. The sole purpose of her testimony was to bring into the case what is commonly referred to as the "unwritten law," which has set so many guilty free. The testimony in *Jones* v. *State,* 97 Miss. 269, for the purpose of showing insanity was very much stronger than the testimony in this case. In that case the supreme court said that the court below committed no error in ruling out the testimony offered to show insanity, because it did not tend to show it.

In view of the fact that there must be another trial of this case, we insist that the supreme court in deciding this case should pass on the question whether or not the court below erred in admitting the testimony which it did admit for the purpose of showing insanity.

*J. E. Rankin,* for appellants.

If this is not a criminal case, section 40 of the Code of 1906 does not govern, and the cases of *State* v. *Key,* 93 Miss. 115, and *State* v. *Shrader,* 72 Miss. 541, have no application.

A criminal case is "an action, suit or cause instituted to punish an infraction of the criminal law." Black's Law Dictionary, p. 302. This case was not instituted to punish an infraction of the criminal law. It was instituted by the appellee, not to punish an infraction of the criminal law, but to secure his own release from jeopardy.

The distinction between a criminal case and a habeas corpus is recognized by section 64 of the Code of 1906. For it is there said that "An appeal from a judgment on the trial of a writ of habeas corpus may be had by or in behalf of the person deprived of his liberty on the same terms and conditions provided for in criminal cases." This evidently means persons who are held in service on criminal charges, and makes a distinction be-

tween habeas corpus proceedings in such cases and criminal proceedings, or cases. Later on in the same section provision is made for appeal in "all other cases" tried on a writ of habeas corpus.

If this is not a criminal case, section 36 of the Code of 1906 governs, and under it the state is given the expressed authority to appeal in cases of this kind.

Under this section, also, the sheriff and jailer who had the custody of the appellee are given the right to appeal from the judgment of the lower court.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

It seems to me that there can be no question that this is a civil proceeding, and I submit that the great weight of authorities sustain the contention that the habeas corpus is a civil remedy given in such cases.

In the case of *Ex parte Tom Tong,* 108 U. S. 550, 27 L. Ed. 826, the Supreme Court of the United States pronounced habeas corpus a civil proceeding. A criminal proceeding is a proceeding to determine questions with the view of inflicting punishment. On this proposition the court says. Book 27 U. S. (L. Ed.), 827: "The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes; but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him

to enforce a civil right, which he claims, as against those who are holding him in custody under the criminal process. If he fails to establish his right to liberty, he may be detained for trial for the offense; but if he succeeds, he must be discharged from custody. The proceeding is one, instituted by himself for his liberty, not by the government to punish him for his crime. Also, see: *In re Reynolds,* 20 Fed. Case number 11721; *State* v. *Collins,* 54 Iowa, 441; *Drum* v. *Keen,* 47 Iowa, 435.

In relation to what the attorneys for the appellee have stated, I desire to say that in certain cases it is important for the state to know by a decision of this court whether the facts warrant the enlargement of the prisoner on bail. In the case of *State* v. *Key,* cited in the briefs of both the appellant and the appellee the court here declared that the order of the court below was void. In which case a void order would not protect the sheriff and would subject him to indictment and removal from office, for permitting an escape. I think also that the language of section 36 is broad enough to authorize an appeal by the state or by the county attorney; as it is made the duty of the county attorney to represent the state in habeas corpus proceedings. Laws 1902, p. 319, Laws 1910, chap. 112. This statute has the effect of making the state a party to such proceedings; and the general language of the first part of section 36 gives either party to the suit a right to appeal from the judgment. There can be no valid reason why the state should not appeal in such cases, where there is no evidence to authorize the trial judge to grant bail. Of course where the evidence is conflicting and he has sufficient evidence to support the judgment the finding of the judge will not be disturbed.

*Mitchell & Clayton,* for appellee.

The appellee is entitled to bail as a matter of right, unless the proof of his guilt is evident or the presumption great. The fact of the killing was admitted and

the defense interposed was insanity.  This court in the
*Wrays case,* 30 Miss. 681, established the rule which has
been followed by this court ever since, in cases of this
character.  The court there says: "If a well founded
doubt can ever be entertained, then the proof cannot be
said to be evident nor the presumption great."

When the defense interposed is insanity, the test and
the issue to be submitted to the jury is whether or not
at the time of the killing the defendant was mentally
capable of distinguishing right from wrong.  This is also
well settled.

Then in the case at bar if a well founded doubt can
ever be established as to whether appellee at the time
of the killing was mentally capable of distinguishing
right from wrong, then he is entitled to bail as a mat-
ter of right.  In determining the question as to whether
such a doubt can be entertained this court has decided
that a mistrial may be at least persuasive with the court.
In the case of *Ex parte Nichols,* 62 Miss. 160, the court
holds that bail is allowed after a mistrial when it may be
plausibly argued that the legal presumption that the
proof is positive, or the presumption great has been neg-
atived by the failure of the jury to agree.  In the *Eu-
banks case,* 65 Miss. 143, the court says that the "cir-
cumstances of a mistrial might be influential on a hear-
ing for bail.

The court heard the witnesses in the case at bar, and
submitted the case to the jury, under instructions which
left the jury only one issue to determine, that is whether
the appellee, at the time of the killing was mentally cap-
able of distinguishing right from wrong.  The jury in
response to this failed to agree.  Eight of the number
were of the opinion that he was not.  Then it is certainly
a plausible argument to say that the failure of the jury
to agree in this case overcomes the presumption that
the proof is evident, or the presumption great of his
guilt.

The first trial of the case, which resulted in a conviction cannot be considered against the appellee, because the court in setting aside the verdict held that he had not been tried according to law, and by an unbiased jury; and this trial was had on materially different testimony. But counsel for the state contend that the court admitted incompetent testimony, the testimony of appellees wife was objected to by the state. The witness told of appellee's conduct on the night before the killing, after the knowledge of the rape of his daughter by deceased had been imparted to appellee. She testified that in her opinion he was insane. This court has long been committed to the doctrine that a non expert may testify in cases of this character. *Woods* v. *State,* 58 Miss. 741; *Reed* v. *State,* 62 Miss. 408; *Sheehan* v. *Kearney,* 82 Miss. 702.

In the case of *Smith* v. *State,* 95 Miss. 787, the court says: ''Where the defense is insanity, general or partial, the door is thrown open for the admission of evidence, every act of the parties life is relevant to the issue and admissible in evidence; and in that case non-experts were permitted to testify. But counsel for the state contend that the case of *Jones* v. *State,* 97 Miss. 270 is authority for the rejection of this testimony. The court in the *Jones case,* however, doesn't attempt to hold that this character of testimony is incompetent. It only holds that in that case the proof on the question of insanity was insufficient to submit that issue to the jury. And in this particular the *Jones case* failed to be an authority for the state's contention in the case at bar. In the *Jones case,* in the opinion of the court there was no testimony from which a jury might find the insanity of the defendant, therefore, it was all excluded, not because of its incompetence. And we insist that before the state could be right in their contention in the case at bar, the trial court would have been justifiable in excluding all the testimony offered on the question of insanity and refused to submit that question to the jury.

Counsel for the state would not contend that the trial court could have adopted such a course in the case at bar. Under the ruling of this court in the case of *Maston* v. *State,* 83 Miss. 653 the court had to submit the question of appellee's sanity to the jury.

The court in the *Maston case* holds that evidence of good character, is especially competent and relevant when insanity is the plea interposed. The court says on page 652: "It is for the jury to say whether or not they are convinced that a man who by his entire previous life, has established and maintained an indisputable reputation for peace, and as a peaceable and law abiding citizen would have committed a crime of the nature charged against the defendant, unless reason had been temporarily dethroned: "This language of the court is certainly applicable to the case at bar where a good reputation and character was conclusively shown by many witnesses. Then unless the *Maston case* is to be overruled, the question of sanity of the appellee must have been submitted to the jury.

Conceding that proposition, then under what possible theory could the testimony of the non-expert, and the testimony as to appellee's conduct the night before and up till the time of the killing be excluded. As our court said in the *Smith case,* when the issue of insanity is submitted to the jury his whole life becomes an open book. Everything that had been told him which would affect his mind, and every act of his during his whole career became relevant and material.

Counsel for the state fail to see that in the *Jones case* no good character was shown, but on the contrary a very vicious character was proven. So, in that case there was no issue of insanity that had to be submitted to the jury.

But we submit that if in the *Jones case* a good reputation or character had been proven the court could not have refused to submit the insanity question to the jury. This court could not have upheld such ruling of the trial court without overruling the *Maston case.*

We rely with confidence upon the *Maston case* on account of the statement of the court as to the value of good character in this kind of case, and also because the facts of that case were somewhat similar to the case at bar. In that case testimony was admitted of the fact that the defendant had been told of the ruin and debauchery of his step-daughter and of his conduct after hearing of her ruin. The facts are not stated in the statement of the court, but we find this much in brief of counsel.

The ruling of the court, however, in that case is absolutely conclusive of the correctness of the courts holding in the case at bar.

Then if the testimony objected to is competent, and the jury has passed on the issue and failed to agree it certainly follows that there is ground for a doubt, and the action of the jury should be persuasive with the court on that question.

In the case of *Ex parte Bridwell,* 57 Miss. 42, the court states the position of the appellate court when reviewing a judgment of this character as follows: "We remark in the first place that the judicial officer who hears the application is the trier of the facts, and acts upon the conviction that the testimony leaves of his own mind. He must give or deny bail according to his own opinion upon the question whether a case has been made out which brings the prisoner within or without the constitution rule. When we set in revision of his judgment, we act upon the conviction made upon us by a perusal of the testimony contained in the record, given to the judgment of the inferior officer that prima facie presumption of correctness which attaches to the judgment of all courts of competent jurisdiction, strengthened in the class of cases by the fact that he has seen the witnesses and heard them testify under circumstances which made it his duty to attend to their bearing and determine their credibility.

In view of the fact that the majority of a jury to which this question has been submitted and the judge

before whom the hearing was heard, found ground to entertain a doubt as to the guilt of appellee we feel that this court will not disturb the finding of the court.

SMITH, C. J., delivered the opinion of the court.

### ON MOTION TO DISMISS.

This is an appeal by the state from a judgment in a habeas corpus proceeding, admitting appellee to bail; he being in custody under an indictment charging him with murder. The sheriff, in whose custody appellee was, joined in the appeal.

Appellee has filed a motion requesting that this appeal be dismissed on the ground that such an appeal will not lie on the part of either of the appellants. The contention of counsel for appellee is that this is a criminal and not a civil case, and that it does not come within any of the provisions of section 40 of the Code of 1906, under which section alone the state may appeal in criminal cases. In this counsel are in error. A proceeding to enforce the right of personal liberty by means of a writ of habeas corpus is civil and not criminal. In the language of the supreme court of the United States in *Ex parte Tom Tong,* 108 U. S. 556, 2 Sup. Ct. 871, 27 L. Ed. 826: "The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes; but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding

105 Miss. 30

in that prosecution. On the contrary, it is a new suit, brought by him to enforce a civil right which he claims as against those who are holding him in custody under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime." See 21 Cyc. 282; 15 A. & E. Enc. Law (2d Ed.) 157; *Cross* v. *Burke,* 146 U. S. 82, 13 Sup. Ct. 22, 36 L. Ed. 896; *Kurtz* v. *Moffitt,* 156 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458; *State* v. *Huegin,* 110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700; *In re Jewett,* 69 Kan. 830, 77 Pac. 567; *State* v. *Superior Court,* 32 Wash. 143, 72 Pac. 1040.

The state, though not formally designated as such, is always a real party to the record in habeas corpus proceedings, where the petitioner is being held to await trial for an alleged violation of the criminal law, and is therefore entitled to an appeal from a judgment adverse to its interest, under section 36 of the Code of 1906, which provides that "any party aggrieved by the judgment, on the trial of a habeas corpus, shall have an appeal to the supreme court." Our attention has been called to the cases of *State* v. *Shrader,* 72 Miss. 541, 18 So. 454, and *State* v. *Key,* 93 Miss. 115, 46 So. 75, wherein it was held that no appeal on the part of the state will lie from the judgment of a circuit judge allowing bail to the person held to await trial on a criminal charge. If sound in principle, as to which we express no opinion, these cases are not necessarily in conflict with the views herein expressed, for the reason that the judgments therein appealed from were not rendered in habeas corpus proceedings, but were simply orders made by the circuit judge, whether legally or not is here immaterial, relative to the custody of defendants awaiting trial in the courts over which they presided. Section 36 of the Code was therefore not involved in those cases.

Since an appeal was properly prosecuted by the state, we deem it unnecessary to determine whether or not the sheriff, in whose custody the petitioner was, is entitled to appeal.

*Motion overruled.*

### ON THE MERITS.

REED, J.  This is an appeal by the state, and by the sheriff and jailer of Lee county, from a judgment of the circuit judge admitting appellee to bail upon his habeas corpus petition.

Appellee is charged with murder.  He shot and killed John Filgo on September 8, 1912.  In the preliminary trial before the justice of the peace he was committed to jail without bail.  At the November term, 1912, of the circuit court of Lee county, he was indicted for murder, tried and convicted, and the jury fixed his punishment at life imprisonment.  The court granted a new trial on the ground that one of the jurors was related by affinity to deceased.  There was a second hearing of the case, which ended in a mistrial.

In this appeal we have before us a complete record of the testimony on the trial at the March term, 1913.  This is the testimony which was considered by the judge upon the hearing of the habeas corpus petition.  The sole defense was temporary insanity of appellee.  We do not believe that this has been shown.  After carefully reading the record, we conclude that the circuit judge was manifestly wrong in admitting appellee to bail.

*Reversed.*