ULLOM *v.* DAVIS *et al.*

(Division B. Oct. 30, 1933. Suggestion of Error Overruled Dec. 11, 1933.)

[150 So. 519. No. 30774.]

L. F. Easterling, of Jackson, and F. F. Mize, of Forest, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellees.

Argued orally by **L. F. Easterling**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant appeals ·from a judgment of the circuit court of Lauderdale county sustaining a motion to quash his writ of habeas corpus and ordering him surrendered

to the custody of E. P. Davis for delivery to the state of California on extradition warrant of the governor of this state. Appellant filed his petition for a writ of habeas corpus in Lauderdale county alleging that he was unlawfully restrained of his liberty by E. P. Davis, agent of the state of California, and B. M. Stephens, sheriff of Lauderdale county.

The respondents, Davis and Stephens, in their answers, set up that appellant was in custody and restrained of his liberty by virtue of a warrant from the governor of this state, and made the warrant a part of their answers. The warrant of the governor was in the usual form. It was addressed to the sheriff of Lauderdale county, and in its preamble recited that the governor of California had made known to the governor of this state that appellant stood charged with having committed the crime of grand theft (two counts), and that it appeared that appellant had fled from justice and was found in the state of Mississippi where he had taken refuge, and the governor of California demanded of the governor of this state the arrest and delivery of appellant to E. P. Davis, who had been appointed by the governor of California as agent to receive appellant and convey him ''to the jurisdictional limits where he stands charged,'' and concluded with this command: ''Now, therefore, I, Sennett Conner, governor of the state of Mississippi, do by virtue of the power vested in me by the constitution and laws of this state, direct and require you to arrest the said Ralph B. Ullom and deliver him to the custody of the said Everette P. Davis, the agent appointed by the governor of the State of California to the end that he may be conveyed to the jurisdictional limits where he stands charged.''

Appellant traversed the answers of the sheriff and Davis, whereupon respondents filed a motion to dismiss the petition and quash the writ. Issue was joined on the motion to quash. Appellees thereupon introduced

the original warrant of the governor and showed that appellant had been taken into custody by virtue of the warrant and was being restrained of his liberty thereunder; and that appellee E. P. Davis had been duly appointed by the governor of the state of California as agent to return appellant to that state. On cross-examination E. P. Davis produced a copy of the charge against appellant, which was made an exhibit to his evidence. Leaving off the style of the case, and the jurat of the officer before whom the charge was made, and the certificate of the officer verifying it as a copy, the charge follows:

"Personally appeared before me this 14th day of March, 1932, Mrs. Mary Wynn Carter of the county of Los Angeles, who being first duly sworn on oath, complains and says: That on or about the 16th day of February, 1931, at and in the county of Los Angeles, State of California, the crime of grand theft, a felony, was committed by Ralph B. Ullom, who at the time and place last aforesaid did wilfully, unlawfully and feloniously, take certain real property of Mrs. Mary Wynn Carter, to-wit: Lot 51 of the Arlington tract, as per map recorded in book 9, page 14 of miscellaneous records in the office of the recorder of Los Angeles county, situate in the county of Los Angeles, state of California, of the value of twenty-five thousand ($25,000) dollars, lawful money of the United States and the real property of one Mrs. Mary Wynn Carter.

"Count 2. For a further and separate cause of complaint, being a different offense of the same class of crimes and offenses as the charge set forth in count one hereof, complainant further complains and says:

"That on or about the 16th day of February, 1931, at and in the county of Los Angeles, state of California, the crime of grand theft, a felony, was committed by Ralph B. Ullom, who at the time and place last aforesaid did wilfully, unlawfully and feloniously take certain real

property, the property of Blanche B. Comstock, to-wit: Lot 52 of the Arlington tract, as per map recorded in book 9, page 14 of the miscellaneous records in the office of the recorder of Los Angeles county, situate in the county of Los Angeles, state of California, of the value of twenty-five thousand ($25,000) dollars, lawful money of the United States, and of the real property of one Blanche H. Comstock.

"All of which is contrary to the form and force and effect of the statute in such case made and provided, and against the peace and dignity of the people of the state of California. Said complainant therefore prays that a warrant be issued for the arrest of the said Ralph B. Ullom, and that he may be dealt with according to law."

Appellant assigns and argues as error the action of the court in refusing to grant a continuance of the cause so that he could be present at the hearing. On the hearing appellant, through his attorneys, presented evidence that he was so ill he could not attend the trial. The court refused to continue the cause.

Section 26 of the Constitution, which provides, among other things, that in criminal prosecutions the accused shall have the right to be present and confronted by the witnesses against him, has no application to habeas corpus proceedings, because such proceedings are not criminal prosecutions; they are civil procedures. State v. Gordon, 105 Miss. 454, 62 So. 431; Edmonson v. Ramsey, 122 Miss. 450, 84 So. 455, 10 A. L. R. 380; Lipscomb v. State, 76 Miss. 223, 25 So. 158; Murdock v. Pollock, 229 Fed. 392, 143 C. C. A. 512; Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868.

Johnson v. State, 108 Miss. 709, 67 So. 177, and Haggett v. State, 99 Miss. 844, 56 So. 172, relied on by appellant, are not in point. They were both distinctly criminal prosecutions. Appellant's attorneys stated that if he were present at the trial he would prove certain facts which would go to show that there was no basis for

the criminal charge in the courts of California, and that the motive for the prosecution was not bona fide. Such evidence was not admissible. Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515; Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161; McNichols v. Pease, 207 U. S. 100, 28 S. Ct. 58, 52 L. Ed. 121; Drew v. Thaw, 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed. 302.

Appellant contends that the charge preferred against him, and presented to the governor of this state as a basis for the extradition warrant, charged no offense under the laws of the state of California. The charge was brought under section 484 of the California Penal Code, which is in this language: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money or property or obtains the labor or service of another, is guilty of theft."

It will be observed that this statute groups together and denominates as theft the crimes of larceny, embezzlement, and false pretense, and names real estate as well as personal property among the subjects of the crime.

Section 487 of the Penal Code of that state defines "grand theft" as follows: When the money, labor, or real or personal property taken is. of a value exceeding two hundred dollars. And under section 489 of the same Code the punishment for grand theft is imprisonment in the state penitentiary for not less than one year nor more than ten years.

Section 951 of the California Penal Code provides a simplified form of indictment, which follows: "An indictment or information may be in substantially the following form: The people of the state of California against A. B. In the superior court of the state of California, in and for the county of ———. The grand jury (or the district attorney) of the county of ——— hereby accuses A. B. of a felony (or misdemeanor), to-wit: (giving the name of the crime, as murder, burglary, etc.), in that on or about the ——— day of ———, 19—, in the county of ———, state of California, he (here insert statement of act or omission, as for example, 'murdered C. D.')."

Section 952 of the same Code provides, among other things, that "in charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another."

These statutes, either directly or by implication, have been upheld by the Supreme Court of California. People v. Plum, 88 Cal. App. 575, 263 Pac. 862, 265 Pac. 322; People v. Robinson, 107 Cal. App. 211, 290 Pac. 470; People v. Myers, 206 Cal. 480, 275 Pac. 219; People v. Campbell, 89 Cal. App. 646, 265 Pac. 364. However, the courts of Mississippi are without authority to pass on the validity of the California statutes. This is a matter for the California courts alone. Munsey v. Clough, supra; Pearce v. Texas, 155 U. S. 311, 313, 15 S. Ct. 116, 39 L. Ed. 164; Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. Ed. 1113. In the latter case the court held that to impose upon the courts in the trial of writs of habeas corpus the duty of critical examination of the laws of the state whose jurisdiction and criminal procedure they can have only general acquaintance with would be an intolerable burden calculated to lead to error in decision and fruitless miscarriages of justice.

Appellant argues that the extradition warrant was not sufficient to make out a prima facie case entitling Davis and the sheriff of Lauderdale county to the custody of him. There is no merit in this contention. Grace

v. Dogan, 151 Miss. 267, 117 So. 596, 61 A. L. R. 709; Ex parte Edwards, 91 Miss. 621, 44 So. 827; Appleyard v. Massachusetts, supra; Munsey v. Clough, supra.

On the trial the appellant made no offer to prove that when the governor issued his extradition warrant he did not have all the essential facts before him required by the federal statutes governing extradition (18 U. S. C. A., sec. 651 et seq.), therefore, as said in the Munsey case, the warrant of the governor was sufficient to justify the removal.

Affirmed.