STRICKLAND *v.* COOPWOOD, Sheriff.

Nov. 24, 1952

No. 38746          9 Adv. S. 60          61 So. 2d 315

*R. B. Smith* and *Smith & Hurdle,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

LEE, J.

Arthur D. Strickland, under indictment for the murder of one Gordon Simpson, by his petition in the circuit court for a writ of habeas corpus, sought his discharge or, in lieu thereof, reasonable bail pending his trial.

On the hearing, the evidence of three witnesses, offered by the State, was to the effect that Simpson was sitting in front of a café. Strickland drove up in a truck and motioned for Simpson to come to the truck. When he did so, Strickland shot him. The victim, who had previously been in good health, was taken to the hospital, in a critical condition, and died thirteen days later.

Petitioner offered evidence as to his good reputation for peace and violence, as to his wife's poor health, and her need for his presence at home.

Before resting his case, however, petitioner moved the court for permission to enter a voluntary nonsuit without prejudice. This motion was overruled, and thereafter the petition was dismissed with prejudice. From the judgment entered thereon, Strickland appealed.

Several errors are assigned, but we notice only the error of the court in refusing to permit the taking of a voluntary nonsuit. Section 1538, Code of 1942, is as follows: "Nonsuit or dismissal—before jury retire from bar.—Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict."

In Hill v. Johnson-Cone Brick Company, 180 Miss. 305, 177 So. 520, even after both sides rested and the court had indicated that it would grant the motion for a peremptory, the refusal to grant a nonsuit prior to the court's ruling on the peremptory was held to be error. See also Johns-Manville Products Corporation v. McClure, 209 Miss. 240, 46 So. 2d 538; Graham v. Graham, 58 So. 2d 85, (Miss.)..

Obviously the request for the nonsuit was made in time; and the only remaining question is whether or not a petitioner in habeas corpus may take a voluntary nonsuit. If habeas corpus is a civil proceeding, then beyond doubt he has such right.

In the case of State v. Gordon, 105 Miss. 454, 62 So. 431, Gordon, under indictment for murder, by habeas corpus, was admitted to bail. The sheriff, who had his custody, and the State appealed. In this Court, Gordon sought to have the appeal dismissed on the ground that neither the sheriff nor the State had the right to appeal in such a case. The contention before the Court and the answer thereto were stated as follows: "The contention of counsel for appellee is that this is a criminal and not a civil case, and that it does not come within any of the provisions of Section 40 of the Code of 1906, under which section alone the state may appeal in criminal cases. In this counsel are in error. A proceeding to enforce the right of personal liberty by means of a writ of habeas corpus is civil and not criminal," citing Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871, 27 L. Ed. 826. See also Edmondson v. Ramsey, 122 Miss. 450, 84 So. 455; Ullom v. Davis, 169 Miss. 208, 150 So. 519. See also 39 C. J. S., Habeas Corpus, Section 1, p. 426.

From which it follows that the petitioner was within his rights in asking to take a voluntary nonsuit, and that the learned trial judge was in error in refusing to grant his motion.

The judgment of the lower court is reversed, and a judgment will be entered here, granting the voluntary nonsuit without prejudice.

Reversed and judgment here.

*Roberds, P. J.,* and *Hall, Holmes* and *Arrington, JJ.,* concur.