749 So.2d 1221 (1999)
Anthony L. HESTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CP-00674-COA.
Court of Appeals of Mississippi.
September 14, 1999.
*1222 Anthony L. Hester, Appellant, pro se.
Office of Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND MOORE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Anthony L. Hester filed a motion to correct a judgment of conviction entered in Warren County Circuit Court in 1984. In essence, Hester argues that the 1984 conviction violated double jeopardy, and in fact, he never appeared nor entered a plea in that proceeding. The trial court denied relief. We affirm.

FACTS
¶ 2. Anthony L. Hester was indicted on February 23, 1982 for aggravated assault. According to the indictment, Hester had beaten eighteen-month-old Tyshawn Cotton with an automobile fan belt and with his fists and feet, then tried to burn him. His conviction was reversed and the cause remanded by the supreme court in 1984. Hester v. State, 457 So.2d 1347 (Miss.1984) (mem.). The absence of a published supreme court opinion creates some of the ambiguity upon which Hester relies. An order of the Warren County Circuit Court, dated March 4, 1985, accepted Hester's guilty plea to aggravated assault. Hester denies any such plea or having served the sentence. He argues that this order was entered without his knowledge or participation in any way. The sentence was two years incarceration. Because of the effect of that felony conviction on sentences for subsequent convictions, Hester seeks to have the judgment expunged.
¶ 3. Hester is apparently presently incarcerated in an Oklahoma prison on a federal conviction.
¶ 4. After Hester filed his motion for correction of these records, the trial judge without a hearing denied relief on April 17, 1998.

DISCUSSION
¶ 5. Resolution of this case requires an initial determination of exactly what relief Anthony Hester was requesting when he filed his case with the Warren County Circuit Court. The trial court treated it as a motion for post-conviction relief, and Hester makes reference to that statute in his brief. We find elements of not less than three procedures, but conclude that this is principally in the nature of a motion for post-conviction relief. Over thirteen years had elapsed between the time the plea was allegedly entered and the motion challenging it was filed. Even though Hester alleges constitutional violations, that fact does not mean the issue can be raised at any time. "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights. We conclude that a time limitation also may be placed on the exercise of a state constitutional right." Cole v. State, 608 So.2d 1313, 1319 (Miss.1992).
¶ 6. The issues in this case are intertwined. They focus on whether the original plea properly followed the remand order of the supreme court and whether the plea was actually ever entered.

A. Timeliness and type of relief
¶ 7. The trial court dismissed Hester's motion as untimely, stating in its order that the three year statute of limitation for bringing a motion for post conviction relief had run. Miss Code Ann. § 99-39-5(2) (Rev 1994). Hester argues his motion is nevertheless timely because there has been an intervening decision of the supreme court of the state "which would have actually adversely affected the outcome of his conviction or sentence...." Miss Code Ann. § 99-39-5(2) (Rev.1994). The 1984 reversal and remand of his case, *1223 Hester maintains, qualifies as such a ruling. Hester argues that the trial court after remand entered an ordera conviction that is inconsistent with the supreme court's mandate. If so, that order does not ignore an "intervening" decision but a pre-existing one. The three-year statute is not tolled for this reason.
¶ 8. Further, post-conviction relief is unavailable here since the statute applies only to a "prisoner in custody under sentencing of a court of record of the State of Mississippi who claims" appropriate grounds. Miss.Code Ann. § 99-39-5(1) (Rev 1994). There is no evidence that Anthony Hester is in custody by sentence of a Mississippi court, but rather is serving time in a federal facility. The post-conviction relief statute is not Hester's remedy. However, this does not end our inquiry.
¶ 9. The variety of Hester's requests is suggested by the caption to his motion to the circuit court: "Motion for Correction of Sentence and Motion to Vacate Sentence and Motion to Expunge Record [] in the Alternative." Hester specifically requested expungement in his motion to the circuit court and also in his reply brief. This relief, which was significantly expanded in 1996, empowers circuit courts to "expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case." Miss.Code Ann. § 99-15-26(4) (Supp.1998).
¶ 10. The supreme court has interpreted this provision to include expungement of a criminal record resulting from a crime against a person, despite potentially contradictory language utilized in section 99-15-26(1). McGrew v. State, 733 So.2d 816, 820 (Miss.1999). Hester alleges that he did not plead guilty to the offense in dispute. Expungement on that ground is beyond the scope of a statute that provides relief when the case is dismissed, charges dropped, or no disposition occurred. Hester's complaint is that there was an erroneous disposition showing a guilty plea. Even if that is true, it is still a disposition that prevents this statute from being utilized.
¶ 11. Next, on appeal Hester included a petition for a writ of coram nobis relief which "attaches and incorporates his" appellate brief. The petition is not in the lower court record, but is presented to us as part of his appeal. This writ historically was used to raise issues of fact that affected the validity of a judgment but which were unknown until after a judgment was entered. M.R.C.P. 60 cmt.; Petition of Broom, 251 Miss. 25, 30-31, 168 So.2d 44, 46 (1964). A coram nobis motion is of no effect given that such petitions were abolished in Mississippi by the adoption of Rule 60 of the Mississippi Rules of Civil Procedure. M.R.C.P. 60(b). We find this civil rule to be applicable even though Hester is seeking review of a criminal judgment since the writ commenced a new action by the petitioner. M.R.C.P. 60 cmt.; Simon Rosenthal, Writ of Error Coram Nobis, VI MISS. L.J. 133, 135-137 (1933). An action brought by a private individual seeking release from restraint of a criminal judgment necessarily is a civil suit and not a criminal prosecution. See State v. Gordon, 105 Miss. 454, 62 So. 431, 431-32 (1913) (explains why habeas corpus proceedings are civil in nature).
¶ 12. Despite Hester's failure to invoke a recognized procedure, we note that Rule 60(b) abolition of certain ancient writs "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court." M.R.C.P. 60(b). Federal treatment of a similar provision indicates that "when the 60(b) relief is sought by an independent action, there is no time limit save laches on when the action may be brought." In re Casco Chem. Co., 335 F.2d 645, 652 (5th Cir. 1964). It is not critical in the federal procedure that the action be labeled as independent. See Bankers Mortgage Co. *1224 v. United States, 423 F.2d 73, 76, 81 n. 7 (5th Cir.1970). With the flexibility that may but does not have to be applied to the interpretation of pro se pleadings, the trial court could have treated this as an independent action. Considering that the "independent action" has not been recognized nor defined in Mississippi since the Rules of Civil Procedure were adopted in 1982, and considering that no one has identified that remedy in this litigation nor briefed its applicability, we find no error in the trial court's failure to restructure these proceedings in that light.[1]

B. Validity of the plea
¶ 13. Regarding the 1985 plea order, "[t]here is a presumption that orders and judgments of the lower courts are correct." Pitts v. State, 711 So.2d 864, 866 (Miss.1998). Hester presented evidence regarding negotiations that may have been occurring in 1985, but he states it was for a lesser offense. There simply is no clear evidence other than the filed record of the order itself.
¶ 14. As to the separate assertion that the supreme court's 1984 remand order was ignored, we find the facts are otherwise. Had the 1984 reversal been based on insufficient evidence, judgment should have been rendered and Hester ordered to be discharged. Tapp v. State, 373 So.2d 1029, 1031 (Miss.1979). Any retrial on the original charge would in that circumstance constitute a double jeopardy violation. Instead the conviction was reversed and the judgment remanded. We have acquired a copy of the unpublished 1984 Supreme Court opinion. Hester v. State, 457 So.2d 1347 (Miss.1984) (No. 54,363, unpublished opinion). The supreme court did not say that the evidence was insufficient for aggravated assault. Instead, it held this:
Our concern is that the combination of the weak proof and inflammatory nature of the alleged crime may have resulted in an unfounded verdict. For that reason, we indulge in an abundance of caution and reverse Hester's conviction and remand this cause to the Circuit Court of Warren County so that another jury may pass on the question. Certainly this poses no double jeopardy problem to the state. See Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Furthermore, we suggest to the Warren County District Attorney that he compare the aggravated assault statute and the child abuse statute [§ 97-5-39 Miss.Code Ann. (Supp.1983) ] so that he might determine which of these statutes is the more appropriate on which to base charges against Hester.
¶ 15. The original indictment was not found invalid. The questions left open by the supreme court were answered by Hester's willingness to plead guilty after remand. Post-conviction relief timely brought could have dealt with the plea. What is left now is potentially an independent action.
¶ 16. Hester raises certain other issues regarding the appointment and payment of counsel and whether he got notice of his retrial in 1985. For the reasons already stated, these additional arguments also fail to create grounds for relief in this action.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
*1225 McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] One version of what is required to justify such an action is this:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.
Bankers Mortgage Co. v. United States, 423 F.2d 73, 79, (5th Cir.1970), quoting National Surety Co. of New York v. State Bank of Humboldt, 120 F. 593, 599 (8th Cir.1903).