[No. 31742. Department Two. April 12, 1951.]

THE STATE OF WASHINGTON, *on the Relation of Willis Ward et al., Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Hugh J. Rosellini, Judge, Respondent.*[1]

[1]Reported in 230 P. (2d) 302.

*Copeland & Tollefson,* for relators.

*Crippen & Flynn,* for respondent.

HAMLEY, J.—This is, in form, a proceeding for a writ of prohibition. For the reasons stated below, however, it will

be treated as an original application to have this court set aside a void order staying execution of a judgment in a cause now on appeal to this court.

Willis and Dorothy Ward, the natural parents of seven-year-old Warren Layne Ward, instituted a *habeas corpus* proceeding to recover the custody of the child from its paternal grandmother and step-grandfather, Ada and Frank Faraco. The parents had left the boy with the Faracos in February, 1944, when the child was four months old and its father was in the armed forces. The Wards then lived in Oregon, but now reside in California. The Faracos reside at Spanaway, Pierce county, Washington, and have had the boy in their possession since 1944. The petition for a writ of *habeas corpus* was filed on March 14, 1951, after the Faracos apparently refused to surrender custody of the boy to his parents.

The writ was duly issued and the matter came on for hearing before the superior court of Pierce county on March 19, 1951. The trial court announced at the close of the hearing on that day that an order would be entered requiring the Faracos to surrender the child to the Wards by noon of the following day. A form of judgment to this effect was presented to the court on the following day. Before the court acted on this, counsel for Mr. and Mrs. Faraco presented an alternative motion for judgment notwithstanding the oral decision of the court, or for a new trial or hearing upon the statutory grounds.

This motion was orally denied, and the trial court then signed the judgment. Counsel for the Faracos then gave oral notice of appeal, and presented oral and written motions for a stay of execution of the judgment pending the appeal. The written motion was based upon the grounds that "the best interests of the physical and moral welfare" of the child and "substantial justice" require such stay of execution. The written motion asked that the court designate a suitable home within the jurisdiction of the court, where the child could be placed pending the appeal, and further asked that the amount of bond, if any be required, be fixed by the court. The oral motion for stay of execution of the

judgment advanced the additional ground that, if a stay be not granted, the child would be immediately taken from the jurisdiction of the court, to the state of California, and the Faracos would lose the fruits of their appeal.

Counsel for relators resisted the motion, and argument before the court ensued. The court then announced that it would stay execution of the judgment pending the appeal. An order to this effect, prepared in longhand by counsel for Mr. and Mrs. Faraco, was thereupon presented to the court and signed. The order makes no provision for a bond. It refers to the judgment in the *habeas corpus* proceeding, and recites, as the ground for the issuance thereof:

"  .  .  .  that if not stayed said judgment would permit Warren Layne Ward, a minor, to be removed from the State of Wash. and the jurisdiction of the court and the appeal would be for naught and the fruits thereof lost."

Relators then, on March 22, 1951, filed in this court an application for writ of prohibition "absolutely restraining and prohibiting" the trial court "from staying or superseding in any way" the *habeas corpus* judgment referred to above. Relators' application indicates that they were then under the misapprehension that the trial court had not yet signed an order staying execution of the judgment. As indicated above, such an order had actually been signed on March 20, 1951. The chief justice duly issued an order to show cause, and the matter came on for hearing before this court on March 30, 1951. In the meantime, the Faracos' appeal to this court from the judgment in the *habeas corpus* proceeding had been perfected, and is now pending. (In re Application of Ward for Writ of Habeas Corpus, No. 31749.)

This proceeding for a writ of prohibition was not instituted until after entry of the order staying execution of judgment in the *habeas corpus* proceeding. Prohibition is therefore not the appropriate remedy. Such a writ will not issue to restrain the action of a court, where its order or judgment was completed before receiving notice of the issuance of the writ. *State ex rel. Nooksack River Boom Co. v. Superior Court*, 2 Wash. 9, 25 Pac. 1007; *State ex rel. Nitsche v. Brown*, 157 Wash. 692, 290 Pac. 328.

■ We cannot treat the application as one for a writ of mandamus to compel the trial court to set aside the stay order, as we did in the *Nooksack* case. This is true because here the appeal has been perfected, and the trial court has lost jurisdiction. See *Sewell v. Sewell,* 28 Wn. (2d) 394, 184 P. (2d) 76.

■ We will, therefore, regard the petition as an application to have this court set aside a void order staying execution of a judgment in a cause now on appeal to this court. This is analogous to the procedure followed where, after an appeal is taken, it is sought to discharge or vacate a supersedeas. 4 C. J. S. 1148, Appeal and Error, § 658.

■■ A judgment in a *habeas corpus* proceeding, whereby the custody of a child is unconditionally transferred from one person to another, may not be superseded as a matter of right, pending appeal. *State ex rel. Davenport v. Poindexter,* 45 Wash. 37, 87 Pac. 1069; *State ex rel. McGhee v. Superior Court,* 99 Wash. 619, 170 Pac. 130. This is consonant with the rule that an appeal from any self-executing judgment never operates as a stay. *State ex rel. Martin v. Poindexter,* 43 Wash. 147, 86 Pac. 176; *State ex rel. Holcomb v. Yakey,* 48 Wash. 419, 93 Pac. 928; *Cooper v. Hindley,* 70 Wash. 331, 126 Pac. 916; *State ex rel. Austin v Superior Court,* 6 Wn. (2d) 61, 106 P. (2d) 1077.

■ A judgment awarding custody in a *habeas corpus* proceeding is self-executing. 39 C. J. S. 722, Habeas Corpus, § 115.

Respondent does not challenge this principle, but argues that the order staying execution of the instant judgment was not a supersedeas. Respondent contends that the stay order here in question was simply an exercise, prior to the perfection of the appeal, of the trial court's inherent power and discretion in matters pertaining to the custody of children.

■ There is no doubt that the trial court had jurisdiction, during the pendency of the *habeas corpus* proceeding, to make temporary provision for the custody of the child. This is specifically authorized by Rem. Rev. Stat., § 1083

[P.P.C. § 58-39]. *State ex rel. Davenport v. Poindexter, supra*; *State ex rel. De Bit v. Mackintosh,* 98 Wash. 438, 167 Pac. 1090. The statute referred to is broad enough to authorize the trial court, upon a proper showing, to incorporate a provision in its judgment in the *habeas corpus* proceeding, providing for the temporary custody of the child, pending appeal.

█ This was not done in the case before us. The judgment in the *habeas corpus* proceeding unconditionally directed the Faracos to surrender the custody of the child to relators on the same day the judgment was entered. In determining the kind of order to be entered, the trial court had the duty to take into consideration the welfare of the child. *State ex rel. Davenport v. Poindexter, supra*; *State ex rel. Wilkerson v. Superior Court,* 108 Wash. 15, 183 Pac. 63. It will be presumed that the trial court did so. *State ex rel. Davenport v. Poindexter, supra.*

█ Since the judgment awarded relators immediate custody of the child, the stay order must be regarded as either a supersedeas or a modification of that judgment. It has already been indicated that such a judgment may not be superseded. Nor may it be modified in any respect except in connection with a new hearing and upon a showing of changed conditions, or unless first vacated on some statutory grounds, or unless directed by this court in connection with the appeal. The trial court was, therefore, without jurisdiction to enter the order staying execution of that judgment.

It is accordingly our opinion that the order captioned "Order Staying Execution" should be set aside and held for naught, and that Ada and Frank Faraco should comply with the order and judgment awarding custody of Warren Layne Ward, forthwith, or as soon as relators find it practicable to accept custody, the arrangements for such transfer of custody to be subject to direction by the trial court.

It is so ordered.

SCHWELLENBACH, C. J., BEALS, ROBINSON, and MALLERY, JJ., concur.