299 P.2d 620

Joseph Craven WASHINGTON, Appellant,

and

John Joseph Sullivan, Appellant,

v.

Roy RENOUF, Respondent.

Nos. 8495, 8496.

Supreme Court of Utah.

July 5, 1956.

186

Appellants pro sese.

Patrick H. Fenton, Cedar City, E. R. Callister, Jr., Atty. Gen., Vernon B. Romney, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Appellants petitioned the lower court for a writ of habeas corpus prior to their trial for burglary upon an allegation that they were returned from the state of Nevada illegally. The respondent sheriff introduced into evidence an order for extradition issued by the Governor of Utah, a warrant of arrest issued by the committing magistrate, and an executive order signed by the Governor of Nevada. These documents were not attacked by appellants, but they introduced an affidavit of counsel procured by them in Nevada stating that their case had been docketed for hearing in resistance to extradition and was pending at the time they were transported to Utah and that he did not receive notice of their removal.

The U. S. Supreme Court has held in numerous instances that no U. S. Constitutional provisions are violated by illegal, improper, or unlawful means of obtaining jurisdiction over the person of the accused where he is held under proper process. Ker v. People of State of Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; Moyer v. Nichols, 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160.

Thus the question of whether the state's power to try a person accused of a crime is impaired by the fact that he was brought within the territorial jurisdiction by illegal means is within the province of determination by state courts and presents no question for review by the U. S. Supreme Court. Cook v. Hart, 146 U.S. 183, 13 S.Ct.

40, 36 L.Ed. 934. The state courts have been practically unanimous in holding that where there is a detention of an accused under legal process, his wrong against the state holding him is not to be condoned because of violence or wrong committed against his person by individuals who brought him into the jurisdiction, even though such individuals may be subject to civil or criminal liability for their unlawful acts. See cases annotated at 165 A.L.R. 947ff. The only contrary view finds limited expression in cases from the state of Kansas, where it is held that violence used to bring persons before the court from another state voids the court's power to convict them, State v. Simmons, 39 Kan. 262, 18 P. 177; however, even under this view, the Kansas court distinguishes between a situation of unlawful violence and one of irregularities in extradition proceedings, State v. Wellman, 102 Kan. 503, 170 P. 1052, L.R.A.1918D, 949, Ann.Cas.1918D, 1006.

The trial court permitted the petitioners a hearing despite the fact that their petition did not present matters which would effect their discharge under habeas corpus proceedings and found that they were held under valid process and proper authority. The writ was properly discharged.

Affirmed.

CROCKETT, HENRIOD, WADE and WORTHEN, JJ., concur.