[No. 34577.  Department Two.  November 20, 1958.]

THE STATE OF WASHINGTON, *Respondent,* v. MICKEY LEMONS, *Appellant.*[1]

*William F. Lockett,* for appellant.

*Charles O. Carroll* and *Gustav G. Kostakos,* for respondent.

DONWORTH, J.—Appellant was charged, tried, and convicted by jury verdict of unlawful possession of narcotics. From the judgment and sentence entered on the verdict, she appeals.

Appellant was arrested about 2:30 a. m. on March 23, 1957, in Seattle.  At that time, she had in her possession

[1]Reported in 331 P. (2d) 862.

seven small packets which, upon subsequent chemical analysis, were found to contain heroin. In view of the conclusion we have reached, we do not need to describe in detail the circumstances of her arrest.

A complaint was filed March 27th in a Seattle justice court. On March 28th, appellant, then being represented by her present counsel, was arraigned and entered a plea of "Not Guilty." On April 18th, a preliminary hearing was had at which several witnesses, including one of the two arresting officers, testified. In their briefs, both parties agree that appellant moved to suppress the evidence (packets of narcotics, above mentioned) at that time. This motion was denied and the evidence was received. At a continued hearing held May 9th, appellant was, upon respondent's motion, ordered bound over to the superior court for trial.

The cause came on for trial September 23, 1957, before the superior court, sitting with a jury. Appellant made no objection to the admission in evidence of the seven packets of heroin. However, at the conclusion of respondent's case, appellant made alternative motions for dismissal or for a directed verdict. As grounds for these motions, counsel for appellant stated:

". . . here we have a defendant that was arrested and at the time of arrest neither of the officers had any right to make the arrest.

"It is true that under the law the defendant is supposed to bring this motion prior to the date of trial if by reasonable diligence he can find out—and I contend that I could not by reasonable diligence find out the amount of evidence pointing toward an illegal arrest, due to the fact it had to be brought out on cross-examination. The questions to and answers by my client were insufficient."

The trial judge denied these motions. Following an adverse verdict, appellant moved for a new trial. This motion was likewise denied.

Appellant assigns as error the denial of her motions for dismissal, or, in the alternative, for a directed verdict, and for a new trial.

She argues that her arrest was unlawful because the arresting officer did not have reasonable grounds for believing that appellant was committing, or had committed, a felony, and, therefore, the seven packets of heroin should have been suppressed as evidence.

One of the arresting officers testified that, in response to his question concerning the contents of several of the small paper packets, appellant stated, "I guess you've got me, fellows. That is stuff." He thereupon placed appellant under arrest, searched her coat, and found additional packets. Later, while detained in King county hospital, she was interrogated by a detective of the narcotics division of the Seattle police department. He testified:

"A. We talked to Mickey about circumstances up there. She said that the stuff that was found was hers, that she attempted to get it away—to hide it from the officers. We asked her where she had gotten the narcotics, and she stated that she had beaten somebody for the stash. Q. What do you mean by the word, stash? A. We know it as narcotic jargon for some hidden narcotics that have been hidden by one party."

Later, at the Seattle city jail, appellant, when questioned by another detective of the narcotics division, gave substantially the same story regarding the circumstances surrounding her possession of the narcotics as she had previously given at the hospital.

In *State v. Ryan*, 48 Wn. (2d) 304, 293 P. (2d) 399 (1956), we recently recognized the settled rule that:

"Where, for any reason, an arrest is invalid, but the defendant enters a plea of not guilty and is in court on the day of trial, the court has jurisdiction of his person. *State v. Melvern*, 32 Wash. 7, 72 Pac. 489. Where the court has jurisdiction of the person of a defendant, it is not a ground for quashing or dismissing a criminal prosecution that he was not lawfully arrested. *State v. Melvern, supra; State v. Ditmar*, 132 Wash. 501, 232 Pac. 321."

For that reason, the trial court did not err in refusing to dismiss or to direct a verdict on that ground.

Appellant contends that the evidence taken from her person at the time of her arrest should be suppressed.

While recognizing the rule that a motion to suppress evidence must be timely made, she attempts to excuse her delay on the ground that she did not, and could not, know that the evidence was unlawfully seized until both of the arresting officers had been cross-examined. However, appellant has failed to point out any significant fact disclosed by cross-examination of which she was unaware at the time of her arrest six months before.

In *State v. Gunkel*, 188 Wash. 528, 63 P. (2d) 376 (1936), we cited numerous cases relating to this question, commenting thereon:

"These cases either specifically announce, or else recognize, the well settled principle, or rule, that the state may not use, for its own profit, evidence that has been obtained in violation of law. But these same cases also state, or else recognize, the equally well settled exception to the rule, namely, that *objection to such evidence must be timely made.* While the constitutional rights of the individual are to be preserved, those rights are dependent, for their recognition, upon a timely assertion. The question most often arising in the courts with reference to the constitutional rights of a person charged with a criminal offense is whether application for protection of the right has been timely made. . . ." (Italics ours.)

In this case, appellant was present at the time the evidence was seized (therefore, she must have known the facts surrounding the alleged illegal seizure); was represented by her present counsel at the preliminary hearing; made no objection when the evidence was offered at trial in the superior court which took place six months after her arrest; and made no motion to suppress this evidence until respondent had rested its case. Under these circumstances, her motion to suppress was not timely made and the trial judge did not err in denying it.

Judgment affirmed.

HILL, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.