[No. 35866.   Department Two.   December 20, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. VIRGIL WM. MICKENS, *Appellant.**

*Reported in 377 P. (2d) 240.

*Robert W. Garver, Jr.* (of *Garver & Garver*), for appellant.

*R. DeWitt Jones* and *Robert L. Harris*, for respondent.

HUNTER, J.—This is an appeal from a judgment entered upon a jury verdict convicting the defendant of the crimes of second-degree burglary and grand larceny.

On May 11, 1960, the defendant was arrested at his home in Cowlitz County upon a warrant issued by a justice of the peace in Clark County, acting as a committing magistrate. Following his arrest, the defendant was brought back to Clark County and arraigned before the justice of the peace. The case was remanded to the Superior Court for Clark County where an information was filed charging him

with second-degree burglary. The defendant was, subsequently, arraigned on May 23, 1960, at which time he was represented by counsel, and entered a plea of "not guilty." The defendant changed attorneys on June 20, 1960. There being no jury term in Clark County during July and August, the case was set for October 7, 1960. No request was made for a trial date prior thereto, but defendant's counsel did request a continuance at that time by reason of the state having amended the information to include the additional charge of grand larceny. The case was reset and the defendant's trial was held on November 29-30, 1960, resulting in the jury's verdict of guilty on both counts. The evidence introduced at the trial was substantially as follows:

The complaining witness testified that a window above the door of his chicken coop, from which goods had been stolen, had been broken and that a wire mesh ceiling, located just below the window, had been cut and pulled apart, sufficient to allow a person to pass through. The witness testified that certain objects located within the coop and on the premises were missing and were later found in the defendant's possession. The defendant admitted having possession of the goods.

A tow truck operator testified that on the night of April 14, 1960, 3 weeks before the crimes were discovered, he towed the defendant's truck from the mud near the chicken coop. The defendant admitted being towed. The tow truck operator testified that the defendant falsely identified himself as "Leon Ross"; that he made out a towing bill, dated that night, containing that name.

The tow truck operator also testified that he had had the opportunity to observe the contents of the defendant's truck that night; that it was loaded with some electric motors, wood paneling, a table saw and other heavy materials, items similar to those which were missing from the complaining witness' chicken coop and premises. The defendant testified that he had bought the goods for his junk business from a man named "Sam Higgs." He testified that Higgs, whom he had known for only a short time,

delivered some of the goods to him and had asked him to come to the property, on which the chicken coop was located, to purchase other junk material. On one of these occasions, the truck had been towed from the mud. The tow truck operator testified that another man was present with the defendant but that he could not identify him. The defendant contends this person was Higgs.

The defendant could not, however, produce Higgs for the trial. He did introduce a receipt for the sale of the goods, purportedly signed by Higgs. All of the receipt, except for the signature, was in the defendant's handwriting. Previously, the areas in which the defendant usually kept his receipts had been searched by a sheriff but no receipt for the goods had been found. Two witnesses for the defendant remembered a receipt but not the one the defendant produced.

In his first assignment of error, the defendant contends the evidence was insufficient to support the jury's verdict of guilty on either count.

The jury is the sole and exclusive judge of the evidence, the weight and credibility of witnesses. This court will not reverse if there is substantial evidence to support the jury findings. *State v. Davis*, 53 Wn. (2d) 387, 333 P. (2d) 1089 (1959). The evidence tending to establish this case is wholly circumstantial. In order to sustain a conviction on circumstantial evidence, the state has the burden of proving circumstances which, if believed, are consistent with the theory of guilt, and inconsistent with any theory which would establish the accused's innocence. *State v. Long*, 44 Wn. (2d) 255, 266 P. (2d) 797 (1954).

The jury was warranted in making the following findings and conclusions: The wire ceiling of the complaining witness' chicken coop had been cut and the door opened; the property stolen from the coop was found in the defendant's possession and later identified by the owner. The tow truck operator saw the goods on the defendant's truck, which he pulled from the mud near the chicken coop. The defendant admitted being on the property. He gave a false name to the tow truck operator. He did not

establish the existence of Sam Higgs, from whom he asserted he purchased the stolen property. The introduction of a receipt signed by Higgs was unsubstantiated and, therefore, was not genuine.

These findings and reasonable inferences therefrom are consistent with the defendant's guilt and inconsistent with his innocence.

■ The defendant contends that the court erred in giving instruction No. 13 on reasonable doubt and in failing to instruct the jury on the requirement of a unanimous verdict. We cannot consider these assignments of error for the reason that the defendant failed to take exception to instruction No. 13 and failed to submit a proposed instruction regarding a unanimous verdict. We have frequently stated that the purpose of Rule of Pleading, Practice and Procedure 51.16W, RCW Vol. 0, dealing with the objection to a submission of instructions, is to apprise the trial court of any disputed point of law or fact and to permit correction of any error which it may feel it has made in its instructions. *State v. Hinkley*, 52 Wn. (2d) 415, 325 P. (2d) 889 (1958); *State v. Severns*, 13 Wn. (2d) 542, 125 P. (2d) 659 (1942); *State v. Peeples*, 71 Wash. 451, 129 Pac. 108 (1912).

■ In any event, the defendant has not been prejudiced. This court, in *State v. Tanzymore*, 54 Wn. (2d) 290, 340 P. (2d) 178 (1959), accepted instruction No. 13 as a correct statement of the law. Further, since the jury was polled, there is no doubt that the verdict *was* unanimous and *was* the result of each juror's individual determination.

The defendant contends that he was not accorded a speedy trial. The contention is without merit. From our review of the record, we can see no delay attributable to other than normal trial problems and procedure.

■ The defendant contends that his conviction was invalid because the original arrest was invalid. The record discloses the defendant appeared before the superior court and entered his plea of "not guilty." He was in the courtroom during his trial and was present at the sentencing and verdict. He did not, during this time, advise the court of his contention that his arrest was unlawful. The appear-

ance of the defendant on these occasions gave the court jurisdiction of the defendant. Where the court has jurisdiction of the person of the defendant and he does not contest the validity of his arrest at that time, there is no ground left to quash a conviction which is otherwise properly obtained. *State v. Ryan,* 48 Wn. (2d) 304, 293 P. (2d) 399 (1956); *State v. Melvern,* 32 Wash. 7, 72 Pac. 489 (1903); *State v. Ditmar,* 132 Wash. 501, 232 Pac. 321 (1925); *State v. Lemons,* 53 Wn. (2d) 138, 331 P. (2d) 862 (1958).

The defendant, pro se, has made and filed 16 assignments of error which, in addition to those of his counsel, are properly before us. We will consider the assignments by the disposition of the contentions raised therein.

The defendant contends he was prejudiced by the statement in the prosecutor's closing argument that, "The long arm of the law is very patient." Since this statement was made subsequent to defendant's testimony regarding the conviction of a crime 22 years earlier, he alleges it implied to the jury that he had committed numerous other crimes in the meantime, concerning which there was no evidence in the record, and was calculated to instill passion and prejudice in the minds of the jury which could not be corrected or cured by an instruction.

We feel defendant's inference is purely speculative and unreasonable in the absence of any evidence indicating other crimes were committed within the 22-year period. The statement of the prosecutor was improper; however, it is more reasonable to conclude it related to the crimes with which the defendant was charged. We are satisfied this isolated statement was not so prejudicial as to deny the defendant a fair trial.

The defendant contends that evidence of the property alleged to have been stolen was erroneously admitted since the property was obtained by an unlawful search and seizure in Cowlitz County. There is no merit to this contention as the record disclosed it was seized in pursuance of a search warrant validly issued out of a justice court in Cowlitz County.

The defendant contends he was mistreated in jail pending

his trial; he was denied the opportunity to communicate with his attorney for 6 weeks after his arrest; he was not permitted to communicate with his wife, relatives and friends for a period of 7 months; and some mail was not delivered to him until after the trial.

We find nothing in the record to support these allegations, nor do we find any complaint made to the trial court that the defendant was denied adequate opportunity to prepare his case for trial. Neither is there any showing that the defendant's right to a fair trial was thereby affected.

The defendant contends he was ill and not in physical condition to participate properly in his defense at the time of trial. We find nothing in the record to support this allegation; no complaint was made to the trial court nor a continuance requested. This asserted disability of the defendant, if any, was waived.

■ The defendant contends the court erred in giving instructions to which exceptions were taken and in refusing to give his proposed instructions. The instructions referred to are not designated or set out in the statement of facts so they will not be reviewed by this court. Rule on Appeal 34(8), RCW Vol. 0; *State v. Wilson*, 38 Wn. (2d) 593, 231 P. (2d) 288 (1951); *State v. Slater*, 36 Wn. (2d) 357, 218 P. (2d) 329 (1950).

The defendant contends he was taken into the courtroom, in the presence of a jury panel, in prison garb, unshaven and appearing in a disreputable condition. The defendant's counsel admitted in this court that, upon counsel's request to the trial court, defendant was permitted to shave and become respectably attired before entering the courtroom. The contention is therefore without merit.

■ The defendant further contends the sheriff, in the presence of the jury panel, made the statement that he was "a damn liar." We find nothing in the record to support this assertion, nor any showing that the incident was brought to the attention of the trial judge. The defendant is not permitted to secrete such information from the trial judge, abide the result of the trial, and thereafter complain

for the first time. *Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153 (1960); *State v. Smails*, 63 Wash. 172, 115 Pac. 82 (1911).

The defendant contends the court unreasonably limited the trial to 2 days, thereby denying him the opportunity to call two witnesses who may have established his innocence. This contention is also without merit since we do not find in the record any request for additional time in which to present the defendant's evidence nor any expression that the defendant desired other witnesses to testify in his behalf.

We have carefully considered all contentions raised in the assignments of error by court-appointed counsel and the defendant, pro se, and we are satisfied that the defendant received a fair trial.

The judgment of defendant's conviction on two counts entered upon the jury verdict is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.