**492**

UNITED STATES of America ex rel.
Edward J. KELLY

v.

Sentencing Judge John P. FULLAM
Quarter Sessions Court, Doyles-
town, Pennsylvania

and

John D. Shearer, Director, Eastern Cor-
rectional Diagnostic and Classification
Center, Philadelphia, Pennsylvania.

Misc. No. 2592.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1963.

Drew J. T. O'Keefe, U. S. Atty., Phila-
delphia, Pa., for plaintiff.

Alex Bonavitacola, Philadelphia, Pa.,
for relator.

Paul A. Beckert, Dist. Atty., Doyles-
town, Pa., for respondent.

JOSEPH S. LORD, III, District Judge.

This is a petition by a state prisoner
for a writ of habeas corpus. The orig-
inal do-it-yourself petition was woefully
defective as to form, and we appointed
counsel to explore the facts and to file an
intelligible petition. Thereafter, we di-
rected the filing of answers and also re-
quested the District Attorney of Bucks
County to forward to us any available
state records. From all of these, we have
been able to sort out the various state
procedures involved and the bases for the
petition.

On March 30, 1961, relator was con-
victed in Bucks County of assault and
battery on Bill No. 58, January Sessions,
1961, after a trial throughout which he
was represented by counsel. Motions in
arrest of judgment and for a new trial
were filed, and while relator was at liber-
ty on bail pending disposition of the mo-
tions, he went to New York and there
committed another crime for which he
was sentenced in New York. At the ex-
piration of that sentence, he was returned
to Bucks County. The petition alleges
that he was forcibly abducted by Bucks
County officials; the answer alleges that
he was returned pursuant to a detainer
lodged with the New York authorities.

Following relator's return to Bucks
County by whatever means, he was
brought before Hon. John P. Fullam on
April 26, 1962, for sentence on No. 58,
January Sessions, 1961, and for arraign-
ment and sentence on four other bills, to

which he thereupon plead guilty. He was sentenced to 30 days on each of the four bills, and to 10 days to 18 months on No. 58, January Sessions, 1961, the sentences 'to run consecutively. On the same day he was sentenced by Judge Satterthwaite to 253 days for parole violation and 30 days for operating a motor vehicle without a license, to run consecutively and to precede the sentences imposed by Judge Fullam.

In October, 1962, Judge Satterthwaite paroled relator so that he could begin serving the five sentences imposed by Judge Fullam. On December 21, 1962, relator was paroled by Judge Fullam for the balance of the maximum of these sentences. On August 2, 1963, relator was again brought before Judge Fullam for violation of his parole on No. 58, January Sessions, 1961. After a hearing, at which relator was unrepresented by counsel, he was committed to serve the full balance of the maximum sentence on that bill.

■ Relator contends that the sentences imposed on April 26, 1962, were constitutionally defective because he was not at that time represented by counsel, as indeed he was not. Since the proceeding before Judge Fullam was pre-Gideon, and since Pennsylvania has held that Gideon is not retroactive [Commonwealth ex rel. Craig v. Banmiller, 410 Pa. 584, 189 A.2d 875 (1963)], as to this ground, relator has no presently available state remedy.

We point out initially that the only sentence which relator is now serving and with which we are here concerned, is that under No. 58, January Sessions, 1961, which followed a trial and conviction with counsel and the subsequent parole violation.[1]

■ We do not reach the question of whether the requirement of " * * * the guiding hand of counsel at every step in the proceedings * * *"

[Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1938)] embraces the sentencing. Cf. U. S. ex rel. Davis v. Myers, E. D. Pa., Misc. No. 2559 (1963); U. S. ex rel. Dandy v. Myers, E. D. Pa., Misc. No. 2560 (1963). In any case, that right, where it exists, can be " * * * competently and intelligently waived." Gideon v. Wainwright, 372 U. S. 335, 340, 83 S.Ct. 792, 794, 9 L.Ed. 2d 799 (1963); cf. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). At the proceedings of April 26, 1962, the following occurred:

"THE COURT: Now I understand, Mr. Kelly, that you had been represented by Franklin Hartzel up to this time, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you discharged Mr. Hartzel?

"THE DEFENDANT: Yes. I told him today, personally that I didn't need him.

"THE COURT: Are you satisfied to proceed without counsel today, Mr. Kelly?

"THE DEFENDANT: Pardon?

"THE COURT: Are you satisfied to proceed without a lawyer here today?

"THE DEFENDANT: Yes, sir.
* * * * * *
"THE COURT: All right.

Mr. Kelly, it is my understanding that, following your conviction on Bills No. 57 and 58 January Sessions, 1961, a motion for a new trial was filed on your behalf. I have now been informed that you wish to withdraw the motion for a new trial and have sentence imposed on those bills, is that correct?

"THE DEFENDANT: Yes, sir."

■ Undoubtedly, the relator competently, intelligently and affirmatively waived whatever right to counsel he may

---

1. "The Court: * * * For violation of parole with respect to Bill No. 58 of January Sessions, 1961, you are committed to the Bucks County Prison to serve the full balance of the maximum sentence, and stand committed. * * * That is all." Hearing, August 3, 1963.

have had. He cannot now assign as a deprivation of constitutional rights that which he himself brought about. The sentence on No. 58, January Sessions, 1961, was therefore valid.

We turn now to relator's claim that he was forcibly abducted from New York and brought to Bucks County for arraignment, plea and sentence. Again, Pennsylvania holdings would seem to indicate that resort to Pennsylvania courts on this ground would be fruitless. Commonwealth ex rel. Howard v. Claudy, 172 Pa. Super. 574, 579, 93 A.2d 906 (1953). In Commonwealth ex rel. Rushkowski v. Burke, 171 Pa.Super. 1, at page 7, 89 A.2d 899, at page 902, (1952), the court said:

> " * * * The manner of his return to Pennsylvania would not establish 'probable cause to be delivered' from his present detention. Obviously the means employed to return him to this state did not relate to the restraint from which he seeks to be delivered, and consequently his return to this state, even if unlawful, would not make his present imprisonment illegal or in violation of due process. * * *"

This has been the law of Pennsylvania at least since Dow's case, 18 Pa. 37 (1851). However, while apparently it would be fruitless for relator to seek relief from the state courts on this ground, he is just as badly off here. The Constitution is not concerned with how a criminal defendant was brought within a court's jurisdiction. In Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L. Ed. 541 (1952), the relator in a habeas corpus case alleged that while he was living in Illinois, officers from Michigan forcibly seized, handcuffed, blackjacked and took him to Michigan where he was tried. He claimed that his trial under such circumstances violated his constitutional rights. In holding that the District Court properly denied the writ without a hearing, Mr. Justice Black said, 342 U.S. at page 522, 72 S.Ct. 509, 96 L.Ed. 541:

> " * * * This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225 [30 L.Ed. 421], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will. * * *"

See also: Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283 (1888); Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934 (1892); In Re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103 (1897); Adams v. New York, 192 U.S. 585, 24 S.Ct. 372 (1904); Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L. E. 148 (1906); notes in 27 Ind.L.J. 292 (1952) and 27 Notre Dame Law 280 (1952).

The final matter is the relator's contention that he was uncounseled at the parole violation hearing of August 3, 1962. This proceeding was post-Gideon, and, so far as we can discover, no Pennsylvania court has considered the problem of whether the Constitution requires representation by counsel at a parole violation hearing, in this or in any other case. Until the matter has been passed on by the State and until relator has exhausted state remedies on this ground, we are not free to consider it.

The petition for writ of habeas corpus will be denied. We express our thanks to Alex Bonavitacola, Esquire, who has ably, energetically and without recompense presented relator's case.