[No. 38157.    Department One.   January 27, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JOHN C. SUMMERS, *Appellant, v.* B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*[*]

*Reported in 410 P.2d 608.

*John Carl Summers,* pro se.

*The Attorney General* and *Paul J. Murphy, Assistant,* for respondent.

OTT, J.—John Carl Summers, a parolee from the state of Nebraska upon a conviction of the crime of armed robbery, was arrested February 7, 1963, after he had engaged in a gun fight with three Seattle police officers. At the time of his arrest, there was also pending against him in King County an additional felony charge of armed robbery.

February 26, 1963, a preliminary hearing was held in justice court on the assault charges. John C. Summers pleaded not guilty. The evidence established probable cause and John C. Summers was bound over to the Superior Court for King County, where he was charged, by information, with criminal assault with a deadly weapon upon Officer J. Stitt (count 1), Officer A. Price (count 2), and Officer J. Stansbury (count 3).

March 15, 1963, he was brought before the court for arraignment, at which time he was fully advised of his constitutional rights. He entered a plea of not guilty. Anthony Savage, Jr., an attorney having wide experience in the trial of criminal cases, was appointed to represent John C. Summers in the superior court.

April 12, 1963, John C. Summers appeared in open court with his counsel, withdrew his former plea of not guilty, and entered a plea of guilty to counts 1 and 2 of the infor-

mation. Count 3 was thereupon dismissed. The state also dismissed the pending robbery charge.

Judgment and sentence on the plea of guilty was entered on May 2, 1963. John Carl Summers was sentenced to a term of not more than 10 years' imprisonment in the state penitentiary on count 1, and not more than 10 years on count 2, the sentences to run consecutively.

November 10, 1964, John C. Summers filed an application for a writ of habeas corpus in the Superior Court for Walla Walla County, contending that he was being unlawfully detained because he had not been represented by counsel at the preliminary hearing in justice court. January 7, 1965, the court entered findings of fact, conclusions of law, and order denying the application for a writ of habeas corpus.

John Carl Summers has appealed.

Although appellant asserts 10 assignments of error, they raise but two legal contentions.

Appellant assigns error to the court's finding that his constitutional right of due process was not violated by his not being represented by counsel at the preliminary hearing before the justice court.

A preliminary hearing before the justice court is not an adversary proceeding. Only the evidence of the state is necessarily before the court. It is a proceeding in which the state seeks to ascertain whether its evidence is sufficient to bind the defendant over to be tried in the superior court. *State v. Jackson,* 66 Wn.2d 24, 29, 400 P.2d 774 (1965). By statute, its function is a limited one and advisory as to the sufficiency of the state's evidence to warrant the filing of formal accusations in a court of competent jurisdiction. RCW 10.16.010. The justice court does not have jurisdiction to hear a felony charge on its merits.

Generally, a preliminary hearing in this jurisdiction is beneficial to a defendant because he is confronted with the witnesses and the known evidence upon which the state intends to rely.

*White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193, 83 Sup. Ct. 1050 (1963), upon which appellant relies, does not sup-

port his contention that he was entitled to counsel at the preliminary hearing. In the cited case, the defendant was not represented by counsel at the preliminary hearing, and entered a plea of guilty. Later, counsel was appointed and defendant was arraigned, at which time he entered pleas of not guilty and not guilty by reason of insanity. At his trial, the plea of guilty made at the preliminary hearing was introduced in evidence. The Supreme Court of the United States held that, when, at the trial on the merits, the plea of guilty entered at the preliminary hearing was introduced in evidence, the preliminary hearing thereby became a critical stage in the proceedings. His plea of guilty, under those circumstances, was not admissible in evidence because " 'Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently.' "

In the instant case, appellant pleaded not guilty at the preliminary hearing. Nothing that there occurred could in any way have prejudiced his defense, had he elected to go to trial. Not until his arraignment following the filing of an information did he enter a plea of guilty to the offenses for which he is now incarcerated. It follows that the preliminary hearing in the instant case was not a critical stage in the proceedings; hence, the justice court did not err in denying appellant's request that counsel be appointed to represent him at that hearing. *State v. Jackson, supra; cf. In re Pettit v. Rhay*, 62 Wn.2d 515, 383 P.2d 889 (1963).

Further, appellant knowingly, intentionally, and voluntarily waived this defense at the time of arraignment, when, being fully aware that he was not represented by counsel at the preliminary hearing, he nevertheless withdrew his former plea of not guilty and entered a plea of guilty. A plea of guilty admits that the allegations of the information are true, and waives the defense that procedural due process was not afforded. *In re Brandon v. Webb*, 23 Wn.2d 155, 160, 160 P.2d 529 (1945).

Constitutional guarantees are subject to waiver by an accused if he knowingly, intentionally, and voluntarily waives them. *State v. Sawyer*, 62 Wn.2d 1, 380 P.2d 726

(1963); *In re Salter,* 50 Wn.2d 603, 313 P.2d 700 (1957); *In re Brandon v. Webb, supra.*

We find no merit in appellant's first contention.

Appellant's second contention of error is predicated upon the court's denial of his motion for the appointment of counsel to prosecute this appeal from the order denying his application for a writ of habeas corpus.

■ The legislature has provided for the appointment of counsel for indigents in criminal cases only. RCW 10-.01.110; RCW 10.40.030. Further, neither the state nor the federal constitution requires the appointment of counsel to prosecute a civil proceeding for an indigent in either the trial or the appellate court.

■ Habeas corpus is a civil proceeding. It is not a substitute for an appeal from a criminal conviction. *In re Domanski,* 24 Wn.2d 137, 163 P.2d 593 (1945); *In re Horner,* 19 Wn.2d 51, 141 P.2d 151 (1943); *Williams v. McCauley,* 7 Wn.2d 1, 108 P.2d 822 (1940); *Graham v. Squier,* 132 F.2d 681 (1942).

The criminal proceeding resulting in appellant's incarceration was terminated when the time for appeal had expired. Therefore, the only remedy now available to appellant is a civil cause of action against the person who he contends is unlawfully detaining him in custody. This civil process is the application for a writ of habeas corpus. One who seeks a writ of habeas corpus is subject to the laws and rules governing civil proceedings. *In re Ludwick v. Webb,* 23 Wn.2d 115, 160 P.2d 504 (1945); *State ex rel. Roberts v. Superior Court,* 32 Wash. 143, 72 Pac. 1040 (1903).

Under the facts of the instant case, the court did not err in denying appellant's motion for the appointment of counsel to prosecute this appeal.

The order denying appellant's application for a writ of habeas corpus is affirmed.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.