[No. 38329.   Department One.   April 21, 1966.]

*In the Matter of the Application for a Writ of Habeas Corpus of* WILLIE L. DAVIS, *Respondent,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Appellant.*\*

*The Attorney General* and *Paul J. Murphy, Assistant,* for appellant.

\*Reported in 413 P.2d 654.

REVELLE, J.†—Petitioner Willie L. Davis "jumped bail" in 1957 when he fled from two separate King County charges by information, one for two narcotics counts and one for four forgery counts.

Six years later the New York police notified Seattle police that he was available. Extradition proceedings on the forgery charges were initiated immediately.

Sergeant R. L. Hanson of the Seattle Police Department, armed with necessary extradition papers on the forgery charges and a bench warrant and amended information, plus a certificate of agency from the surety on the bail bond on the narcotics charges, proceeded to New York. There he found that Willie Davis was released by the New York court of the extradition on the forgery charges. In the corridor outside the courtroom, after a scuffle and loud proclamations of anger and indignation, Sergeant Hanson apprehended and subdued him, claiming authority as agent for the surety. The commotion drew the attention of court officers and police, who took both of them to the police station. There, after initial skepticism, the New York police recognized Sergeant Hanson's claimed authority as agent for the surety, but declined to assist any further, except to release an uncooperative Willie Davis to the sergeant. Foreseeing great difficulty in returning Willie Davis to Seattle by public carrier under restraint and without assistance, Sergeant Hanson obtained cooperation of the police to hold Willie Davis as a fugitive on the bench warrant and amended information in the narcotics case, pending extradition proceedings on those charges and aid of another officer from Seattle.

The next day, to quote Willie Davis:

> So he take me to the airport and throws me on the airplane, and his wife and he bring me back. I didn't want to get on no airplane. I never rode on an airplane before in my life. He told me if I run he's going to shoot me. He said he's bringing me back to the King County Jail.

---

†Judge Revelle is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

In due course, petitioner was brought to trial in King County on the four counts of forgery while the narcotics charges were pending. After trial had commenced and conviction on three counts of forgery seemed a certainty, Willie Davis, upon advice of counsel appointed to represent him, elected to plead guilty to one count of forgery, and, being informed of his rights, did so. The other charges of forgery and narcotics were, upon motion of the prosecution, dismissed at the time of sentencing to a term of 20 years in the Washington State Penitentiary. A motion to vacate sentence, asserting the same grievances that he presents in the present application for writ of habeas corpus, was heard and denied by the sentencing court.

Willie Davis brought this application for a writ of habeas corpus in Walla Walla County while confined in the penitentiary. The trial court granted the writ to set him free, but stayed the execution pending appeal.[1]

Assignments of error 1 and 2 challenge the trial court's findings that the petitioner was "returned under duress" and was not informed of his rights as to extradition and "defenses arising out of the circumstances of his return." These findings are founded on disputed, but nevertheless substantial, evidence. Under these circumstances, we are limited by the constitution from substituting our factual conclusions contra to those of the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Other assignments of error (3, 4, and 5) and appellant's argument in support of assignments 1 and 2, assert these propositions as grounds for reversal:

a. Assuming some irregularity or unlawfulness was present in the return of petitioner from New York, that fact

---

[1]Under *State ex rel. Ward v. Superior Court*, 38 Wn.2d 431, 230 P.2d 302 (1951), a judgment in a habeas corpus proceeding, being self-executing, cannot be stayed. This question was not raised by the parties and does not affect the disposition of this appeal. Informal information, March, 1966, indicates Willie Davis resides in New York upon reciprocal parole supervision under parole by Washington Board of Prison Terms and Paroles.

would not be a violation of his constitutional rights nor affect jurisdiction of the court to try and sentence him.

b. The return of petitioner was by authority of surety for bail and was lawful.

c. The guilty plea, voluntarily made, waived all defenses other than that the indictment or information charged no offense and such plea had the effect of waiving all constitutional guarantees with respect to the conduct of the criminal prosecution, except where a jury is required to fix the penalty.

It is not necessary for us to reach the last two questions (b and c, *supra*) and we do not decide them in this case. We agree with appellant's position that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction."

From early decisions until the present time, the United States Supreme Court has stated and restated the principle that no United States constitutional provisions are violated by illegal, improper or unlawful means of obtaining jurisdiction over the person of the accused where he is held to trial under proper process. Mr. Justice Black said in *Frisbie v. Collins*, 342 U.S. 519, 522, 96 L. Ed. 541, 72 Sup. Ct. 509 (1952):

> This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444 [30 L Ed 421, 7 Sup. Ct. 225], that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.

This view has been reiterated by United States and other state jurisdictions to current times. For example, see *United States v. Fullam*, 224 F. Supp. 492 (1963); *Washington v. Renouf*, 5 Utah 2d 185, 299 P.2d 620 (1956); *Stebens v. Hand*, 182 Kan. 304,[2] 320 P.2d 790 (1958).

The precise issue has not been before us until now. We have held that, where the court has jurisdiction of the person of a defendant upon a plea of not guilty and is in court on the day of trial, it is not ground for quashing or dismissing a criminal prosecution that he was not lawfully arrested. *State v. Ryan*, 48 Wn.2d 304, 293 P.2d 399 (1956).[3]

Nothing herein derogates from the right of an accused to proceed to collect damages against the person who brings him to the jurisdiction for unreasonable actions committed upon him. Nor is the arresting person necessarily free of prosecution for any crimes he commits in doing the acts that occurred. *Ker v. Illinois*, 119 U.S. 436, 444, 30 L.Ed. 421, 7 Sup. Ct. 225 (1886).

The order of release entered May 17, 1965, in Cause No. 51560, Walla Walla County, is hereby reversed and the petition for writ of habeas corpus is denied.

ROSELLINI, C. J., HUNTER and HALE, JJ., concur.

OTT, J. (concurring)—I concur in the result, because the petitioner's plea of guilty waived the defense that procedural due process was not afforded. *In re Summers v. Rhay*, 67 Wn.2d 898, 901, 410 P.2d 608, and case cited.

---

[2]See Note, 96 L. Ed. 546, and cases therein cited, such as *Pettibone v. Nichols*, 203 U.S. 192, 51 L. Ed. 148, 27 Sup. Ct. 111 (1906) (irregularities of proceedings for extradition from sister state); *Lascelles v. Georgia*, 148 U.S. 537, 37 L. Ed. 549, 13 Sup. Ct. 687 (1893) (defendant's trial for offense other than that specified in the requisition for his extradition from sister state); 165 A.L.R. 947.

[3]See, also, *State v. Melvern*, 32 Wash. 7, 72 Pac. 489 (1903); *State v. Ditmar*, 132 Wash. 501, 232 Pac. 321 (1925); *State v. Lemons*, 53 Wn.2d 138, 331 P.2d 862 (1958); and *State v. Mickens*, 61 Wn.2d 83, 377 P.2d 240 (1962). Irregularities in extradition procedure are not grounds for release by habeas corpus. *In re Ollison v. Rhay, ante* p. 137, 412 P.2d 111 (1966).