**UNITED STATES of America ex rel. Dennis P. KELLY, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 17256.**

United States Court of Appeals Third Circuit.

Submitted April 25, 1969.

Decided Aug. 6, 1969.

As Amended and Rehearing Denied Sept. 9, 1969.

Dennis P. Kelly pro se.

John H. Brydon, Dist. Atty. of Butler County, Robert F. Hawk, Asst. Dist. Atty., Butler, Pa., for appellee.

Before BIGGS, FREEDMAN and STAHL, Circuit Judges.

OPINION OF THE COURT

STAHL, Circuit Judge.

This is an appeal from an order of the district court dismissing without an evidentiary hearing appellant's petition for a writ of habeas corpus on the ground that state remedies had not been exhausted. The facts relevant to the present appeal are briefly as follows:

On April 28, 1966, while incarcerated in Butler County pending imposition of sentence on charges of issuing worthless checks, appellant, who had pleaded guilty to the charges, escaped from prison. He was arrested on April 29, 1966, in Tonawanda, New York, as a fugitive from justice and, following the culmination of proceedings in the New York courts in which appellant challenged his arrest and extradition, he was returned to Pennsylvania.

In July 1966, appellant pleaded guilty to charges of prison breach and larceny of an automobile, which evidently arose in connection with the prison breach, and was sentenced to terms of from four to eight years and two to four years on the respective charges, the sentences to run consecutively. Some time after the imposition of sentence, appellant filed a Pennsylvania Post Conviction Hearing Act petition attacking his conviction and sentence on a number of grounds, including the denial of effective assistance of counsel and the claim that his guilty plea had been unlawfully induced.[1] Subsequent to the filing of the petition, the Butler County court set aside appellant's guilty plea, vacated the sentences and ordered a new trial.

On January 25, 1968, Kelly again pleaded guilty to the prison breach charge and was sentenced to a term of four to eight years. The larceny charge was nolle prossed.

On February 7, 1968, appellant filed a habeas corpus petition in the district court, seeking release from confinement on the ground that he had been unlawfully extradited from New York to Pennsylvania. The allegations offered in support of his claim were, first, that

his arrest in New York was illegal because the arresting officers lacked probable cause to believe he was a fugitive when they apprehended him, and secondly, that he was deprived of his right to appeal to the appellate courts of New York because of the incompetence of his appointed counsel.[2]

The district court viewed the extradition claims of the petition as an indirect attack on appellant's prison breach conviction. On February 28, 1968, the petition was dismissed below because it did not appear that appellant had availed himself of post-conviction remedies in the state courts with respect to the claims asserted in the federal habeas petition. The court also said that there was no reason "to conclude that appropriate consideration will not be given to the complaint of petitioner if a proceeding is filed in the state jurisdiction."[3]

We affirm, but not directly on the grounds stated by the court below.

In the pro se briefs presented to this court, appellant argues that the district court erred in applying the principle of exhaustion of state remedies to a challenge of the validity of the extradition proceedings.[4] He contends that under

1. None of the claims asserted in the petition before the district court had been directly raised in this state petition.

2. Appellant was given a hearing before a judge on April 29, 1966, the same day he was arrested in New York. The court ordered appellant held as a fugitive from justice pending completion of extradition proceedings. Before appellant was returned to Pennsylvania, he was afforded two habeas corpus hearings in New York where he sought release on the ground that he had been arrested without probable cause. He was represented by appointed counsel at each hearing. Appellant was unsuccessful in securing his release and immediately following the second hearing he was returned to Pennsylvania.

In his petition below, appellant averred that he had wished to appeal from the denial of habeas relief in New York, that he so advised his appointed counsel, and that counsel informed him that no appeal was available. The petitioner also

claimed that only recently had he learned that he could have appealed to a higher state court from the denial of relief in New York.

3. We granted a certificate of probable cause after Kelly filed the notice of appeal on March 15, 1968. The District Attorney of Butler County moved to dismiss the appeal and we denied the motion by order of December 11, 1968.

4. Appellant also claims that the courts in New York, both state and federal, lack jurisdiction over his claim.

Sometime in 1967, while imprisoned in Pennsylvania, appellant attempted to contest the 1966 extradition by filing an application for habeas corpus in the United States District Court for the Western District of New York. The district court dismissed the petition for lack of jurisdiction. The Court of Appeals for the Second Circuit denied a certificate of probable cause and dismissed the appeal for lack of jurisdiction. Appellant's ha-

28 U.S.C. § 2241, the district court should have dealt with the merits of the extradition claim because there are no available remedies in the Pennsylvania state courts.[5]

We agree. The state cases do not afford relief from allegedly illegal proceedings in the asylum state prior to extradition to Pennsylvania. Dow's Case, 18 Pa. 37 (1851); Commonwealth ex rel. Howard v. Claudy, 172 Pa.Super. 574, 93 A.2d 906, 908 (1953). *See also* United States ex rel. Kelly v. Fullam, 224 F.Supp. 492, 494 (E.D.Pa.1963).

■ Thus where it is clear that state law affords no remedy for a claimed assertion of violation of constitutional rights, state remedies may be considered exhausted under 28 U.S.C. § 2254. A frequent example occurs in extradition proceedings where a fugitive asserts in the asylum state a claim of violation of constitutional rights in the demanding state, the reverse of the situation here. The basis for finding exhaustion in such cases stems from the realization that to require resort to the state courts when settled state law precludes examination into the circumstances of the claim would serve no purpose. *See* Whippler v. Balkcom, 342 F.2d 388, 392 (5th Cir. 1965); United States ex rel. Tucker v. Donovan, 321 F.2d 114, 116 (2d Cir. 1963); United States ex rel. Proctor v. New York, 229 F.Supp. 696, 698 (S.D. N.Y.1964).

Appellant fares no better in the federal courts, however, for they would also reject his extradition claims. *See* Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421 (1886); Hunt v. Eyman, 405 F.2d 384 (9th Cir. 1968); United States ex rel. Huntt v. Russell, 285 F. Supp. 765, 767 (E.D.Pa.1968), aff'd per curiam, 406 F.2d 774 (3d Cir. 1969); United States ex rel. Owens v. Russell, 260 F.Supp. 638 (M.D.Pa.1966); United States ex rel. Kelly v. Fullam, *supra.*

The basis for denying relief when confinement stems from conviction following an allegedly illegal extradition is the rule that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' * * * " Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511, 96 L.Ed. 541 (1952). In that landmark case the Court stated the reason for the rule as follows:

> * * * [D]ue process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will. 342 U.S. at 522, 72 S.Ct. at 512.

beas petition below contains copies of the orders issued by both courts.

Also in 1967, the New York courts denied appellant a free transcript of his New York state extradition and habeas corpus proceedings which he had sought in an effort to initiate a nunc pro tunc appeal in New York. (See paragraph 7 of habeas corpus petition in the district court.)

5. Notwithstanding this contention, appellant, on April 3, 1968, filed a Pennsylvania Post Conviction Hearing Act petition in the Butler County court which, as he concedes in his reply brief to this court, challenged the propriety of his extradition. On April 4, 1968, the local court dismissed the petition because of a

pending direct appeal from Kelly's latest guilty plea. On March 11, 1968, appellant had filed in the Superior Court of Pennsylvania, at No. 151 April Term, 1968, a direct appeal from the judgment of conviction and sentence imposed in January 1968, following the plea of guilty to the prison breach charge, which he now challenges, *inter alia*, as having been unlawfully induced.

Kelly has also appealed to the State Superior Court, at No. 191 April Term, 1968, the April 4, 1968 dismissal of his PCHA petition.

Both the direct appeal and the appeal from the dismissal of the post-conviction petition were submitted to the Superior Court on April 14, 1969. To date there has been no decision on either appeal.

■ The rationale of the *Frisbie* case is reinforced here by the fact that appellant has twice pleaded guilty to the offense for which he was extradited. See United States ex rel. Owens v. Russell, *supra*.

■ Even if the district court is correct and appellant did have state remedies which he failed to pursue, we have previously held that the federal habeas corpus statute "permits *denial* of a petition for the Great Writ on its merits, though state remedies may not be exhausted." (Emphasis added.) United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3d Cir.), cert. denied, 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964). *See also* Commonwealth of Pennsylvania ex rel. Craig v. Maroney, 348 F.2d 22, 33 (3d Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966); In re Ernst, 294 F.2d 556, 561–562 (3d Cir.), cert. denied, 368 U.S. 917, 82 S.Ct. 198, 7 L.Ed.2d 132 (1961); United States ex rel. Darcy v. Handy, 203 F.2d 407, 421 (3d Cir. 1953); King v. Beto, 291 F.Supp. 946, 949 (N.D.Tex. 1968).

For the foregoing reasons the order of the district court dismissing the petition for habeas corpus will be affirmed.