**Charles PEARSON, C–9392, Petitioner,**

**v.**

**Joseph R. BRIERLEY, Respondent.**

**Civ. A. No. 69–1330.**

United States District Court
W. D. Pennsylvania.

Jan. 28, 1970.

---

---

## OPINION

GOURLEY, District Judge.

This is a Petition for Writ of Habeas Corpus submitted by an inmate confined in a State penal institution within this District. On November 15, 1968, petitioner was indicted in this Court at Criminal Action No. 68–329 for the offense of robbing a federally insured bank. He subsequently plead guilty and judgment of sentence of fifteen years imprisonment was imposed.

Following imposition of sentence in this Court, according to the allegations of the Petition, petitioner was convicted and sentenced upon an unspecified offense at No. 323 January Term 1969 in the Criminal Division of the Court of Common Pleas of Allegheny County, Pennsylvania. He is presently serving the State sentence.

Petitioner contends that he was in federal custody prior to his plea and sentencing in this Court and that the present exercise of custody over him by the State in execution of the State judg-

ment is an invalid pre-emption of a prior federal right to custody over him.

State remedies are not exhausted, but need not be to exercise jurisdiction to deny a Petition for Writ of Habeas Corpus. United States ex rel. Kelly v. Maroney, 414 F.2d 1228 (3d Cir. 1969). There is absolutely no basis in law or fact for the relief requested herein. The record of petitioner's criminal proceeding in this Court conclusively indicates that he was in State and not federal custody prior to his criminal proceedings herein.

Subsequent to his indictment in this Court, a warrant of arrest was issued, returned unexecuted and superceded by a bench warrant. Both for purposes of arraignment and sentencing, he was brought to this Court upon Writ of Habeas Corpus Ad Prosequendum from the Allegheny County Jail and then returned to State custody. The State of Pennsylvania had a prior and preferential right of custody of petitioner and it has never been challenged by the federal sovereign. He was removed to federal custody only for the limited purpose of the criminal proceedings in this Court.

Moreover, even if the State of Pennsylvania had infringed upon a preferential federal right of possession of petitioner as a prisoner, which it has not, petitioner may not assert such an infringement as a basis for federal habeas corpus relief. The principles governing the situation are aptly stated in the case of Mitchell v. Boen, 194 F.2d 405 at 407 (10th Cir. 1952):

"But even if we should assume, without so deciding, that the state violated a duty it owed to the Federal Government under the rule of comity, appellant would not be entitled to release, because he suffered no injury thereby. The sovereign alone may raise objections to the interference with its rights to the possession of a prisoner, under the rule of comity. So long as the prisoner owes a sentence of servitude to each sovereign, he may not complain of the manner in which he is required to serve it."

## ORDER

NOW, this 28th day of January, 1970, the above Petition for Writ of Habeas Corpus is denied. An appeal from this adjudication would be frivolous and, therefore, a Certificate of Probable Cause for Appeal is also denied.