[No. 657-41254-1.    Division One—Panel 1.    March 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES REG FISHER, *Appellant*.

*Phil Mahoney*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Terrence A. Carroll, Deputy,* for respondent.

SWANSON, J.—The defendant James Reg Fisher appeals from a conviction of grand larceny. He first assigns error to the trial court's refusal to give two of his proposed instructions.[1] This assignment of error cannot be reviewed. Neither the instructions referred to nor any of the instructions given by the court are included in the statement of facts as required by CAROA 34(8).[2] See *State v. Mickens,* 61 Wn.2d 83, 377 P.2d 240 (1962).

The defendant next claims the trial court erred in not

---

[1] "The possibility of human error or mistake in the probable likeness or similarity of objects or persons are elements that you must act upon in considering testimony as to identity. You must carefully consider these factors passing upon the credibility that you have attached to the witnesses' testimony and you must be satisfied beyond a reasonable doubt as to the accuracy of the witnesses' identification of the defendant." Defendant's proposed instruction 5.

"An opinion of the identity of the defendant, particularly where it depends upon impressions obtained in haste and excitement, should be treated with the utmost caution. The identity of the defendant as the culprit must be shown with such certainty as to preclude any possibility of error." Defendant's proposed instruction 6.

[2] "In all cases whenever any error is predicated upon a ruling relative to an instruction given or proposed, it will be necessary to include in the statement of facts all of the instructions given by the court and those proposed instructions concerning which error is assigned." CAROA 34(8).

Even assuming, without deciding, that defendant's proposed instruction 5 is a correct statement of the law, it was not error to refuse it. It appears from respondent's brief, which is not denied, that the court gave instruction 8 which stated in part, "A conclusion based upon direct evidence depends upon your belief in the truthfulness and accuracy of observation of the witness testifying to the facts observed." This instruction adequately covers the issue of identification which was the primary question raised by the defense. It furnished a sufficient basis for the defense to argue and discuss the question of defendant's identification. It is not disputed that the jury was also instructed with regard to the state's burden of proving the commission of the crime by the defendant beyond a reasonable doubt. Defendant's proposed instruction 6 was also properly refused. Defendant's counsel, during oral argument on appeal, admitted this portion of the instruction was an erroneous statement of the law: "The identity of the defendant as the culprit must be shown with such certainty as to preclude any *possibility* of error." (Italics ours.)

declaring a mistrial on its own motion when the prosecuting attorney, in the state's rebuttal argument, said:

> There is another point that counsel made about the girl.[3] She was charged, and she was convicted, and she is now in jail. Counsel doesn't know about that, but he could have found out if he had made an investigation of the case.

There is no merit to this assignment of error. The prosecutor was answering this earlier statement by defense counsel:

> What about this girl that was arrested at the same time? For heaven's sake, here somebody jumps out of a third-story window to escape, is apprehended, brought back, is identified, is held in jail and *is turned loose*. Now, the police have the power and the prosecution has the power to hold anybody they feel will not respond to a subpoena as a material witness; . . . *Yet they just turn her loose and then expect me to find her so I can bring her back to have her testify to something.*

That portion of defense counsel's statement italicized above is not supported by any evidence in the record. Neither is the prosecutor's statement to which error is assigned. Defense counsel's improper statement drew an equally improper response from the prosecutor. We do not approve of this practice. However, no prejudice resulted because the defendant's objection to the prosecutor's statement was sustained by the court who also admonished the prosecuting attorney to "please stay inside the record." This ruling cured any error recognized by defense counsel at trial. He could have gone further and asked for a specific instruction striking the prosecutor's statement and directing the jury to disregard it, or asked for a mistrial. The conduct of defend-

---

[3]The defendant argues that the girl referred to was the woman who was seen jumping into the alley from the building where the alleged larceny occurred and where the defendant was apprehended. Defendant contends the prosecutor's statement about the girl invited the jury to speculate that she was convicted of the same crime with which the defendant was charged, so that the defendant who was arrested with her must also be guilty.

ant's counsel persuades us that he did not consider the prosecutor's statement either harmful or prejudicial. Neither do we.

Judgment affirmed.

JAMES, C.J., and FARRIS, J., concur.

Petition for rehearing denied April 19, 1971.

Review denied by Supreme Court May 26, 1971.